Jack McGREGOR, Plaintiff,

v.

BOARD OF COMMISSIONERS OF PALM BEACH COUNTY, Defendant.

No. 87–8348–CIV.

United States District Court, S.D. Florida, N.D.

Dec. 9, 1987.

Mark Cullen, Lake Worth, Fla., for plaintiff.

Glen Torcivia, Palm Beach County Atty's. Office, West Palm Beach, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss of the defendant, Board of Commissioners of Palm Beach County ("Commissioners"). Plaintiff Jack McGregor had been employed by Palm Beach County as Internal Auditor from March 17, 1982 until February 24, 1987. On February 24, 1987 the Commissioners passed a resolution to terminate McGregor's employment.

Counts I and II of the complaint seek relief under 42 U.S.C. § 1983. In Count I, plaintiff alleges that his dismissal deprived him of a property right without due process of law in that he was not provided with either a pre-determination or post-termination hearing.

Count II charges that McGregor was dismissed in retaliation for audits criticizing the Commissioners and the procedures employed by the County government. McGregor claims that his dismissal infringed upon his constitutional right to free speech.

Counts III and IV raise pendent state claims. Count III is a claim for breach of employment contract. Count IV seeks reinstatement under Florida's "Whistle-blower's Act of 1986," Fla.Stat. § 112.3187.

The Commissioners have moved to dismiss each of the counts in the complaint. A motion to dismiss may be granted only where it is clear from the face of the complaint that plaintiff can prove no set of facts to support his claim. *Friedlander v. Nims,* 755 F.2d 810 (11th Cir.1985). In considering such a motion, the court must accept the "well-pleaded allegations of the complaint as true." *Stone Mountain Game Ranch, Inc. v. Hunt,* 746 F.2d 761, 763 n. 4 (11th Cir.1984). Defendant's objections to each count will be considered separately below.

### Count I—Deprivation of Property

McGregor alleges that the Commissioners' failure to provide him with notice and a hearing deprived him of his property interest in continued employment without due process of law. The Commissioners move to dismiss on the ground that as an "at-will" employee, plaintiff lacks a property interest in his county job.

The protections afforded by the Fourteenth Amendment are only required where the person seeking the safeguards has a legitimate claim of entitlement in the interest for which protection is sought. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701,

2709, 33 L.Ed.2d 548 (1972). Property interests are defined by existing state laws, rules or customs. *Id.* Thus, the court must look to state law to determine whether McGregor has a property interest in continued employment.

■ The employment contract between plaintiff and Palm Beach County specifies that the Commissioners may terminate plaintiff at any time.[1] The only limitations on that right are found in section 3 of the contract which provides that the "County Commission may remove the County Internal Auditor *at pleasure* in accordance with the procedures hereinafter set forth." (emphasis added.) The procedures set forth in section 3 require only that the Commissioners "adopt a resolution for the removal of the County Internal Auditor" and pay the Auditor "any unpaid balance of his earned salary" plus 90 days' severance pay.

It is clear from an examination of the contract that McGregor served as an at-will employee. Both the Commissioners and McGregor had the right to terminate the contract at any time and for any reason. The rule in Florida has long been that "where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract." *Smith v. Piezo Technology and Professional Administrators,* 427 So.2d 182, 184 (Fla.1983).

As an at-will employee, McGregor possesses no property interest in his continued employment with Palm Beach County. *See Campbell v. Pierce County, Ga.,* 741 F.2d 1342 (11th Cir.1984). The Commissioners were not required to provide plaintiff with a hearing or other procedure when they terminated his contract. Consequently, Count I of the complaint must be dismissed for failure to state a claim for which relief can be granted.

*Count II—Infringement of Free Speech*

Plaintiff alleges that he was fired in retaliation for audits in which he criticized the Commissioners and County procedures.

During the last year of his employment, McGregor's office conducted at least 30 internal audits of different divisions and departments of the Palm Beach County government. Many of these audits showed mismanagement by various county departments. Plaintiff alleges these audits were politically embarrassing to both the County and the Commissioners.

For example, in early 1987, McGregor reported malfeasance of the Tax Collector to the Palm Beach County State Attorney's Office. The alleged malfeasance involved the tax collector's failure to issue tax bills earlier in the year resulting in a loss of revenue of $2 million per year. Prior to making his report to the State Attorney, plaintiff had reported the malfeasance to the Commissioners.

Plaintiff's office also conducted an audit which criticized the handling of funds by the Discover Palm Beach County, Inc. organization. Discover Palm Beach County, Inc. was a non-profit entity which acted on behalf of the Tourist Development Council, a body established by the Commissioners.

Plaintiff also criticized the procedures used by the County for garbage billing. In early 1986, he requested that the Commissioners hire an outside consultant service for handling County billing problems. In November 1986, plaintiff informed the Commissioners that additional shortfalls in revenue would result if prompt remedial action was not taken.

McGregor claims that the criticism contained in his audits prompted the Commissioners to terminate his employment in violation of his right to free speech. The Commissioners move to dismiss Count II on the ground that the issues raised in plaintiff's audits are not protected speech. The Commissioners contend that the audits are not matters of public concern, but merely involve a private dispute between an employer and employee.

■ In order to prevail on his claim that the Commissioners infringed upon his first amendment right to free speech, McGregor must establish "prima facie that his speech

---

1. The employment contract is attached to the complaint as "Exhibit A".

(1) is constitutionally protected, and (2) was a substantial or motivating factor" in the Commissioners' decision to terminate him from his job as Internal Auditor. *See Ferrara v. Mills,* 781 F.2d 1508, 1512 (11th Cir.1986). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers,* 461 U.S. 138, 146–47, 103 S.Ct. 1684, 1689–90, 75 L.Ed.2d 708 (1983). "If the employee's speech cannot fairly be characterized as constituting speech on a matter of public concern, the inquiry is at an end." *Ferrara,* 781 F.2d at 1512.

 Taking the well-pleaded facts of the complaint as true, this court cannot rule that as a matter of law, plaintiff's speech does not involve matters of public concern. Plaintiff's audits involved the collection of tax revenue and the handling of public contracts and funds. Nothing is of more concern to the public that the handling of public funds. Furthermore, plaintiff's complaint specifically alleges that the Commissioners terminated his employment contract in retaliation for his audits. The pleadings properly allege facts to support plaintiff's claim that his termination infringed his right to free speech. For that reason Count II of the complaint shall stand.

### Count III—Breach of Contract

 In Count III, plaintiff alleges that he did not receive the compensation to which he was due under the terms of his employment contract with the County. Although he admits he did receive three checks from the defendant, McGregor contends that the checks were insufficient under the contract. Plaintiff claims that he was entitled to one year's pay and benefits or, in the alternative, 90 days' pay and benefits.

The Commissioners contend that McGregor's complaint is facially flawed in that the resolution calling for plaintiff's termination (attached to the complaint as "Exhibit E") provided that plaintiff would be paid 90 days' salary and benefits. How-

ever, nothing in the complaint shows that plaintiff ever received the severance pay called for by the contract. Accordingly, plaintiff's complaint states a claim for severance pay.

Defendants' argument that plaintiff, as an at-will employee, may not bring a breach of contract action misconstrues the law in Florida. It is true that no action may lie for a breach of employment contract when the term of employment is discretionary with either party. *See Smith,* 427 So.2d 182. However, *Smith* and the cases cited therein refer to actions for wrongful discharge. In the present case, plaintiff seeks to recover severance pay due under the contract. Plaintiff's at-will status cannot bar him from enforcing specific rights under his employment contract. The Motion to Dismiss shall be denied as to Count III.

### Count IV—Whistle-blower's Act of 1986

 The fourth and final count of plaintiff's complaint seeks both reinstatement and an award of full fringe benefits and salary under Florida's Whistle-blower's Act of 1986, Fla.Stat. § 112.3187. The Whistle-blower's Act prohibits agencies or independent contractors from taking retaliatory action against an employee who reports violations of the law by a public employer. Fla. Stat. § 112.3185(2).

The Commissioners move to dismiss Count IV arguing that plaintiff failed to properly allege a violation of the Whistle-blower's Act. Plaintiff's complaint tracks the statute almost entirely. The one omission, however, is fatal to plaintiff's claim. The complaint fails to allege that plaintiff exhausted "all available contractual or administrative remedies" prior to filing suit as required by § 112.3187(8). At oral argument, counsel for plaintiff conceded that administrative remedies had not been exhausted. Accordingly, Count IV must be dismissed for failure to exhaust administrative remedies.

In light of the foregoing discussion, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss of the defendant Board

of Commissioners of Palm Beach County be and the same is GRANTED in part and DENIED in part. Counts I and IV shall be dismissed. Counts II and III shall stand as pleaded. Defendant shall file its answer to the complaint within 20 days from the date of this Order.