532 So.2d 84 (1988)
Gerardo SMITH, Petitioner,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 88-517.
District Court of Appeal of Florida, Third District.
October 18, 1988.
*85 Robert D. Klausner, Hollywood, for petitioner.
Robert A. Ginsburg, Co. Atty., and John McInnis, Asst. Co. Atty., for respondent.
Before NESBITT and FERGUSON, JJ., and HAROLD R. VANN, Associate Judge.
PER CURIAM.
Petitioner seeks certiorari review of the decision of the circuit court, acting in its appellate capacity, which affirmed the former Dade County Manager's dismissal of petitioner from his county employment. The county manager, by his dismissal determination, overturned the recommendations of a hearing examiner who had found that the county had not proven by competent substantial evidence the charges which formed the basis for the disciplinary action against petitioner.
We conclude that petitioner Smith has demonstrated a departure from the essential requirements of the law, in that the former county manager's June 23, 1987 dismissal determination failed to set forth, as required, the specific acts of misconduct by Smith which breached specific county personnel rules. This determination constituted the final agency action in the disciplinary proceeding against petitioner. The failure to include therein any findings of fact or conclusions of law regarding the specific employee misconduct at issue requires that the case be remanded for that purpose. City of Miami v. Lopez, 487 So.2d 1111 (Fla.3d DCA 1986); see Thomas v. Office of Sheriff, 507 So.2d 145 (Fla. 1st DCA 1987).
Accordingly, certiorari is granted and the circuit court's opinion affirming the former county manager's determination is quashed. The cause is remanded to the circuit court with directions to set aside the manager's determination and require the present county manager to review the matter and to set forth the findings of fact and conclusions of law upon which his ultimate decision is based. Such review may take into account the bases which were subsequently provided for the former county manager's decision in a letter he wrote to Smith dated July 10, 1987. Smith's request for reinstatement with back pay should await the outcome of this remand.
Petition granted; cause remanded with directions.