Paul L. FAIRBANKS, etc., Plaintiff,

v.

CITY OF BRADENTON BEACH, etc.,
et al., Defendants.

No. 89–644–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 6, 1989.

Frederick Allen Garcia, Tampa, Fla., for plaintiff.

Gregory W. Hootman, Sarasota, Fla., Ralph J. Mattice and Alan Hardy Prather, Chartered, Bradenton, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss, filed May 30, 1989, and responses thereto, filed June 30, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Complaint in this cause was filed, prior to removal, in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, against the following defendants: 1) City of Bradenton Beach (the City); 2) the City Council of the City of Bradenton Beach (the Council); 3) Linda Barrett–O'Neill, personally and in her official capacities as Mayor and as member and Chairperson of the Council; 4) Terry C. Whited, personally and as a member of the Council; 5) Howard O. Herman, personally and as a member of the Council; 6) Richard Connick, personally; 7) Ruby S. Driver, personally; and 8) John Chappie, personally.

The complaint asserted the following counts: 1) violation of Section 112.3187, Florida Statutes (the whistle-blowers act) against defendants the City, Linda Barrett–O'Neill, Howard O. Herman, and Terry C. Whited, and 2) violation of 42 U.S.C. Section 1983 and of Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments against all defendants. The complaint contains the following factual allegations, which this Court must take as true for the purposes of review of the motion to dismiss:

1. Plaintiff was appointed to the position of Chief of Police of the City, on or about November 3, 1988, by the then elected members of the Council.

2. Plaintiff, upon appointment, reopened investigations into an apparent arson, a homicide, and qualification and election wrongdoings of candidates for upcoming election to the Council. Plaintiff alleges information obtained in the reinvestigation of these matters indicated, respectively, that: the fire was probably arson and the original investigation was not extensive enough; there was a prima facie case of homicide; and that the original investigation of the election matter was incomplete and did not follow logical leads.

3. In the course of the investigation of the election matter, Plaintiff found probable cause to believe that perjury, subornation of perjury and/or other misconduct had been perpetrated by public officials and others. Such probable cause was reported to the Mayor and Council Chairperson, Linda Barrett–O'Neill, on or about December 1, 1988, and, on her request, to the Governor of the State of Florida, on or about December 5, 1988. The information was also promulgated to a member of the Council, on request; the Manatee County Property Appraiser's Office; the Manatee County State Attorney's Office; the Office of the Supervisor of Elections of Manatee County; the Florida Department of Law Enforcement; and, after the election, to the Council.

4. The Mayor admonished Plaintiff and virtually ordered him to cease the three (3) previously mentioned investigations.

5. On or about December 12, 1988, defendant Howard O. Herman, newly elected Council member, called a special meeting of the Council for the purpose of discussing the issue of "police personnel." The Council voted to, and did, discharge and terminate Plaintiff's employment with the City, effective on or about December 13, 1988.

## I. FAILURE TO ALLEGE EXHAUSTION

■ The first assertion of the motion to dismiss is that Count I fails to state a cause of action under Section 112.3187 because the complaint fails to allege the exhaustion of all available contractual or administrative remedies. At Section 112.-3187(8), the statute provides:

> Any employee who is discharged, disciplined, or subject to other adverse personnel action by an agency or independent contractor, or any person, whose rights or interests are adversely affected by an agency or independent contractor, as a result of disclosing information under this section may, *after exhausting all available contractual or administrative remedies*, bring a civil action within 90 days of the final administrative determination or the violation, whichever

is later, in the appropriate court having venue for any of the relief specified in this section. (emphasis supplied).

The complaint as filed makes no assertions whatsoever regarding compliance with or appropriate excuse from the requirement of the exhaustion of all administrative remedies. Plaintiff asserts, in opposition to the motion, that where pursuit of an administrative remedy would be of no avail there is no need to follow that avenue for relief. *State, Dept. of Health and Rehab. Services v. Artis*, 345 So.2d 1109 (Fla. 4th D.C.A.1977). The complaint does not contain such assertions.

■ Where, as here a statute, requires exhaustion of administrative remedies a strong showing is required of the inadequacy (or perhaps non-existence) of the prescribed procedure to circumvent the requirement for exhaustion. *Id.*, at 1112. The failure of the complaint to address in any manner the exhaustion requirement mandates dismissal for failure to state a cause of action pursuant to Section 112.-3187.

## II. AT–WILL EMPLOYMENT

■ Defendants next assert that Plaintiff was an "at-will" and probationary employee who could be terminated at any time for any reason. Plaintiff concedes he was an "at-will" employee. Where the term of employment is discretionary with either party or indefinite, then either party may terminate the employment at any time and there shall lie no action for breach of employment contract. *McGregor v. Board of Commissioners of Palm Beach County*, 674 F.Supp. 858 (S.D.Fla.1987).

As to the claim in Count I of the complaint, it is clear that, if the count were to survive, that it is an exception to the general doctrine stated above as to "at-will" employment. At this time, however, the question is moot as to Count I which has been dismissed for failure to state a claim.

■ In Count II, Plaintiff alleges violation of the Fifth Amendment, through the Fourteenth Amendment. The claim appears to be for a deprivation of a property

right in the job of chief of police. These claims are similar to the plaintiff's claims in the *McGregor* case. There the district judge stated:

> The protections afforded by the Fourteenth Amendment are only required where the person seeking the safeguards has a legitimate claim of entitlement in the interest for which protection is sought. (cite omitted). Property interests are defined by existing state laws, rule or customs. (cite omitted). Thus, the court must look to state law to determine whether McGregor has a property interest in continued employment ...

> It is clear from an examination of the contract that McGregor served as an at-will employee. Both the Commissioners and McGregor had the right to terminate the contract at any time and for any reason. The rule in Florida has long been that "where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract." (cite omitted).

As in the *McGregor* case, Plaintiff, as an at-will employee, possesses no property interest in his continued employment with the City. Therefore, Count II of the complaint, insofar as it alleges violation of the Fifth Amendment, through the Fourteenth Amendment, must be dismissed for failure to state a cause of action.

■ Also included in Count II of the complaint is the allegation of the violation of Plaintiff's first amendment rights in that he was fired in retaliation for, in appropriately discharging his duties, reporting and/or disclosing information regarding the various investigations to the proper authorities. To prevail on the claim, Plaintiff must establish a prima facie case that the speech in question was constitutionally protected and was a substantial or motivating factor in his termination. *McGregor*, 674 F.Supp. at 861.

The Court must, and has, taken the well-pleaded facts of the complaint as true. The Court in considering the allegations of the complaint cannot say that as a matter of law the speech was not of public concern, nor can the Court find the complaint insufficient to state a claim that the allegedly protected speech was the substantial or motivating factor in the discharge. Therefore, the First Amendment claim of Count II should withstand the motion to dismiss.

### III. CITY COUNCIL NOT LEGAL ENTITY

■ Defendants assert that the Council is not a legal entity capable of being sued. Clearly, only legal entities, personal or corporate, may be sued in the courts of this state. *Florida Medical Ass'n, Inc. v. Spires*, 153 So.2d 756 (Fla. 1st D.C.A.1963). The Court agrees with the motion to dismiss in this regard and finds that the City Council of the City of Bradenton Beach should be dismissed as a defendant herein.

### IV. STANDING AS CHIEF OF POLICE

■ Defendants assert that Plaintiff has no standing to bring this action in his official capacity as the chief of police of the City due to the undisputed fact that he has been terminated from that position. The Court has reviewed the response to this issue and finds it to have no merit. The claim of Plaintiff in his official capacity should be dismissed.

### V. ELECTORAL QUALIFICATIONS

■ The complaint in this cause seeks relief on two causes of action related to the termination of Plaintiff as chief of police: 1) violation of the "whistle blowers" act and 2) violation of constitutional rights. The complaint contains no count relating to the validity of the Council election which occurred just prior to Plaintiff's termination.

Plaintiff, however, seems to be asking this Court to declare the Council election invalid and illegal in the course of deciding whether or not his termination was in violation of his rights. It is beyond this Court to see how Plaintiff believes that the legali-

ty of the Council election is an issue before this Court on this complaint.

There may be an appropriate and relevant concern as to whether or not Plaintiff's raising the issues of the legality of the election was a motivating factor in his discharge and whether that was a violation of his claimed rights. To what ever extent the complaint seeks to have this Court declare the November, 1988, City Council election illegal and/or invalid and to have the elected members declared to be illegally holding office the complaint should be dismissed.

## VI. DEFENDANTS DRIVER, CONNICK AND CHAPPIE

Defendants assert, and the Court agrees, that the complaint fails to state a cause of action against Defendants Richard Connick, Ruby S. Driver, and John Chappie. The complaint as this Court has stated above is concerned with the termination of Plaintiff. The only connection these Defendants have is to the supposedly illegal election, which this Court has already stated is not a valid issue; see section V.

## VII. STANDING TO SUE FOR STATE

■ Defendants allege that Plaintiff has no authority to bring this cause of action in the name of the State of Florida. The Court agrees. Plaintiff seems to assert that he can decide that the reasons for his termination were of the "utmost public concern" and that gives him the right to sue in the name of the state. The Court finds this argument to be meritless, in that the Court has previously found that only an enforcement of a private right is involved in this cause, and, therefore, the State is not a necessary party. *Florida Industrial Commission v. State*, 155 Fla. 772, 21 So.2d 599 (1945).

## VIII. FAILURE TO STATE CONSTITUTIONAL VIOLATION

The issues raised in this section of the motion to dismiss have previously been discussed in Section II of this opinion. The Court found that only the First Amendment, through the Fourteenth Amendment,

claim remains. Plaintiff concedes in his response to the motion that he had no legally recognizable property right in his employment. (Plaintiff's response, page 11).

## IX. CONSPIRACY

■ Defendants assert that Plaintiff has failed to state a cause of action for conspiracy. The Court must agree. Even taking the complaint in the light most favorable to Plaintiff, it contains no factual allegation of conspiracy to terminate Plaintiff. Plaintiff asserts conclusory statement of conspiracy which is not supported in any manner by the factual allegations of the complaint.

## X. PUNITIVE DAMAGES

■ Defendants assert, and Plaintiff concedes, that punitive damages are not available against Defendant the City of Bradenton Beach. Accordingly, it is

ORDERED that the motion to dismiss Count I for failure to state a cause of action be granted and the count be dismissed; that the motion to dismiss Count II be granted, in part, and denied, in part, and that portion of Count II of the complaint which alleges violation of the Fifth Amendment, through the Fourteenth Amendment, be dismissed for failure to state a cause of action; the City Council of the City of Bradenton Beach be dismissed as a defendant in this cause of action; the claim of Plaintiff in his official capacity as the chief of Police of the City of Bradenton Beach be dismissed for lack of standing; to what ever extent the complaint seeks to have this Court declare the November, 1988, City Council election illegal and/or invalid and to have the elected members declared to be illegally holding office the complaint be dismissed; Richard Connick, Ruby S. Driver, and John Chappie be dismissed as defendants in this cause; claims brought on behalf of the State of Florida be dismissed; insofar as the complaint attempts to state a cause of action for conspiracy it be dismissed; and claims for punitive damages against the City of Bradenton Beach be dismissed. Plaintiff shall have ten (10)

days from the date of this order in which to file an amended complaint.

DONE and ORDERED.