PER CURIAM.
Gerardo Smith, an employee of Metropolitan Dade County, appeals the circuit court’s order dismissing his Petition for Writ of Mandamus directed to the present county manager, Joaquin Avino, to compel temporary reinstatement with back pay. We reverse.
Smith was discharged from his employment on October 22, 1986, for allegedly violating various rules and regulations of the County Civil Service. Smith appealed his discharge, and a hearing was held before a hearing officer. The hearing officer found that the County had not proven by competent and substantial evidence the charges that resulted in Smith’s termination. On April 30, 1987, he recommended that Smith be reinstated.
Under Section 2-47 of the Code of Metropolitan Dade County, a county manager must make a determination as to any final disciplinary action within thirty days from the receipt of the hearing officer’s recommendations, otherwise the dismissed employee is entitled to temporary reinstatement.[1] Smith was eventually given temporary reinstatement pursuant to this ordinance because the former county manager, Sergio Pereira, did not reach a decision within the thirty day time period.
The former county manager did reach a decision, however, on June 23, 1987, in a letter of dismissal which overturned the recommendation of the hearing officer. The letter did not set forth any findings of fact or conclusions of law regarding the specific acts of misconduct for which Smith was terminated. After unsuccessfully appealing this decision to the circuit court, Smith appealed to this Court for certiorari review of the former county manager’s decision. See Smith v. Metropolitan Dade County, 532 So.2d 84 (Fla. 3d DCA 1988). This Court, in an earlier case, granted cer-tiorari, quashed the former county manager’s determination, and remanded with directions that the circuit court require the present county manager, Joaquin Avino, to review the matter and set forth the findings of fact and conclusions of law upon which the final decision is based. Smith v. Metropolitan Dade County, 532 So.2d at 84. Although Smith had been temporarily reinstated after the former manager failed to render a timely decision, Smith was not again temporarily reinstated after that same decision was quashed by this Court.
After this Court’s ruling in the first Smith case, the present county manager reached a final decision on the matter on June 28, 1989, and affirmed Smith’s termination. Smith then sought a writ of mandamus from the circuit court to compel his temporary reinstatement. The circuit court denied the writ.
Since this Court, in the first Smith case, “quashed” the former county manager’s first decision to terminate, the first “decision” of the former county manager became void. See Holland v. Webster, 43 Fla. 85, 29 So. 625 (1901); Hood v. French, 37 Fla. 117, 19 So. 165 (1896). Because the first county manager’s decision was a nullity after having been quashed, in effect, there was no termination decision actually rendered until the most recent decision made by the present county manager in June of 1989. Therefore, the county manager did not comply with the specific and mandatory language of Section 2-47 requiring either a determination within thirty days of the hearing officer’s recommen *3 dations or, under that same ordinance, a reinstatement with back pay.
Accordingly, we reverse the trial court’s dismissal of Smith’s Petition for Writ of Mandamus and remand to the trial court with directions to grant the Petition.
Reversed and remanded with directions.

. Section 2-47 specifically states that:
The county manager shall reach his decision within thirty (30) days from the receipt of the hearing examiner's recommendations. In the event the county manager does not reach a decision within thirty (30) days of receipt of the hearing examiner’s recommendations, the dismissed employee shall be entitled to temporary reinstatement until such time as the decision by the county manager is reached.