581 So.2d 218 (1991)
Jeffrey UJCIC, Appellant,
v.
CITY OF APOPKA, Florida, Appellee.
No. 90-1294.
District Court of Appeal of Florida, Fifth District.
June 6, 1991.
Robert D. Klusner and Barry R. Lerner of Atkinson, Jenne, Diner, Stone, Cohen & Klausner, P.A., Hollywood, for appellant.
F. Scott Pendley of Dean, Ringers, Morgan & Lawton, Orlando, for appellee.
PETERSON, Judge.
Jeffrey Ujcic appeals from an adverse summary judgment in favor of the City of Apopka on a complaint he filed under section 112.3187, Florida Statutes (1989), commonly called the "Whistle-Blower's Act." We reverse.
Ujcic and two other Apopka police officers were disciplined allegedly for reporting to superiors on the police force an incident involving a fellow officer. Following a demotion, Ujcic sued in the circuit court for past wages and reinstatement to *219 his former rank of sergeant. Apopka moved for summary judgment alleging that, in failing to take advantage of the opportunity for a hearing before a police review board under section 112.532, Florida Statutes (1989), Ujcic failed to exhaust his administrative remedies as required by subsection 112.3187(8) of the Whistle-Blower's Act. The motion for summary judgment was to be heard on the day of trial. On that same day, the City served Ujcic with a motion for judgment on the pleadings, alleging that the complaint was defective in that it failed to plead exhaustion of administrative remedies. The court considered both motions and entered summary judgment for Apopka.
We are called upon to review the issue of whether, as a prerequisite to seeking redress pursuant to the Whistle-Blower's Act, a police officer aggrieved by disciplinary action must exhaust his administrative remedies by requesting a hearing before a complaint review board as described in section 112.532. The intent of the legislature in enacting the Whistle-Blower's Act was to prevent agencies, including municipalities, from taking retaliatory action against employees who report any abuse or neglect of duty on the part of a public officer. § 112.3187(2). The statute provides a cause of action for an employee who suffers adverse personnel action as a result of disclosing the information. § 112.3187(8). But the action can be pursued only after administrative remedies are exhausted. Id.
The "policeman's bill of rights," found in Part VI of chapter 112, Florida Statutes (1989), prescribes certain rights for law enforcement officers while under investigation. §§ 112.532(1)(a)-(i). Subsection 112.532(2) prescribes the composition of a "complaint review board" and appears abruptly in the statute like an uncharted island in the early morning fog over a vast ocean. No reference is made to a review board in any other portion of the statute, and the subsection is silent as to the duties, powers, or functions of a review board. The abrupt and puzzling appearance of the subsection was recognized earlier by Florida's attorney general, who noted that courts have complained about the vagueness of the statute. Op.Att'y Gen.Fla. 076-38 (Feb. 18, 1976). The statute remains without legislative clarification.
This court has implied the irrelevancy of complaint review boards in City of Umatilla v. Public Employees Relations Commission, 422 So.2d 905 (Fla. 5th DCA 1982), where we mentioned a hearing under subsection 112.532(2) "only to report the chronology of events" in that case. In City of Hallandale v. Inglima, 346 So.2d 84 (Fla. 4th DCA 1977), the court adopted the attorney general's conclusion that a decision of a complaint review board is not adjudicatory but advisory only, and in Migliore v. City of Lauderhill, 431 So.2d 986 (Fla. 1983), the supreme court held that complaint review boards authorized by section 112.532(2) were not created to review disciplinary action against a police officer.
The City of Apopka concedes that a review board in the instant case would have been advisory only but contends that, since it might have advised against disciplining Ujcic and since the chief of police might have acceded to the recommendation, Ujcic was required to pursue that avenue before seeking relief in the court. Several decisions are relied upon by the City as authority for this position: Smith v. Metropolitan Dade County, 532 So.2d 84 (Fla. 3d DCA 1988); Metropolitan Dade County v. Marusa, 295 So.2d 704 (Fla. 3d DCA 1974); Zaldivar v. Department of Professional Regulation, Bd. of Medical Examiners, 503 So.2d 432 (Fla. 3d DCA 1987). We find that these cases are not helpful because in those cases the administrative hearings were required to establish a record and make findings of fact. In Zaldivar, the hearing officer was required to recommend a penalty, and a departure from the recommendation by the agency had to be supported by citations to the record. Under section 112.532(2), no record,[1] findings of *220 fact, recommendations of penalty, or any other matter is required of proceedings conducted by a review board.
We conclude that, while Ujcic might have been entitled to air grievances before the review board, there was no requirement to do so. Had he elected a hearing by the review board, the result could have been ignored by any participant. No conclusion or recommendation of the review board would have been binding on the City of Apopka or Ujcic nor on the circuit court hearing the matter de novo. A complaint review board formed pursuant to a vague subsection of a statute that simply enumerates the composition of the board cannot be considered to be an administrative remedy, and the failure to request a hearing before such a review board cannot be the basis of a denial of judicial remedy to a police officer whose professional reputation and livelihood are at stake.
We are also called upon to consider whether the trial court abused its discretion in denying Ujcic's ore tenus motion to amend his complaint to allege exhaustion or lack of administrative remedies. Ujcic does not argue that the allegation is unnecessary, and we must conclude that he concedes the issue. Two federal cases indicate that such an allegation is necessary. See Fairbanks v. City of Bradenton Beach, 733 F. Supp. 1447 (M.D.Fla. 1989); McGregor v. Board of Comm'rs of Palm Beach County, 674 F. Supp. 858 (S.D.Fla. 1987).
The City argues that, in view of the trial court's ruling that Ujcic was required to seek a remedy from a complaint review board, the trial court's denial of leave to amend was proper. The City further argues that it would have been useless for Ujcic to amend his complaint to allege a lack of administrative remedy when the court ruled that there had been such a remedy and that Ujcic failed to pursue it. Our determination that Ujcic was not required to appear before a complaint review board nullifies that logic. Courts should aim to dispose of cases on their merits and allow amendments when the right to amend is not abused and the rights of the opposing party are not invaded. Garvie v. Cloverleaf, Inc., 136 Fla. 899, 187 So. 360 (Fla. 1939). It must be remembered that the basis for the motion for summary judgment was failure to seek an administrative remedy, not failure to allege exhaustion of the administrative remedy. The failure to allege was the basis for the motion for judgment on the pleadings. The motion, upon which the court did not enter an order, was filed and served on the day of trial. The granting of the ore tenus motion to amend would not have affected the proceedings or the trial in any manner, and the City could not have been prejudiced by allowing the amendment. While it was a necessary allegation, it was only a technical requirement. The plaintiff had never once amended his complaint before his ore tenus motion, and the City had waived the allegation until the day of trial. Leave to amend should be liberally granted. Fla.R.Civ.P. 1.190.
We reverse the trial court's granting of the City's motion for summary judgment and its denial of Ujcic's motion to allow amendment of his complaint. We remand for further proceedings.
REVERSED and REMANDED.
W. SHARP, J., and SAWAYA, T.D., Associate Judge, concur.
NOTES
[1] At oral argument, the city represented that proceedings before its complaint review boards are tape-recorded. This is not reflected in the record on appeal, and neither is there any showing that the board makes findings of fact or that the chief of police must rely on the record in deciding whether to follow the recommendation of the board.