W. SHARP, Judge,
dissenting in part.
I respectfully dissent. The issue in this case was whether Becton, as personal representative of his deceased wife, Debra, stated a cause of action against appellees, K & L Contractors, Inc., Danis Industries, Inc., and six individuals. K & L was Debra’s employer, Danis owned and controlled K & L, and the individuals were officers, directors and employees of K & L at the time Debra was killed while driving a 70-ton, earth-moving vehicle in the course of her employment. Becton’s problem, which the parties and the trial judge focused on below, as well as on appeal, was whether Becton’s sixth amended complaint set out enough willful and intentional conduct on the appellees’ parts sufficient to preclude a dismissal with prejudice.[1] In my view it *141 did, and the fatal defect found by this court for the first time on appeal (lack of allegations of proximate cause) should not preclude appellant at least one chance to amend.
Becton alleged the appellees 1) knew or should have known that the steering on the vehicle which Debra had been operating at the time of her death was faulty, thus rendering it uncontrollable; 2) they knew or should have known that the vehicle did not have brakes either because of a defect caused by faulty maintenance or normal wear and tear or because they had been disconnected in order to save money; 3) they knew or should have known that the vehicle’s hydraulic fluid system was not working, again rendering it uncontrollable; 4) they knew or should have known that the defective brake system caused the vehicle to overheat, again rendering it uncontrollable; 5) they instructed mechanics to either not repair the brakes on the vehicle or to disconnect them; 6) the vehicle did not contain an adequate seat belt and/or restraint device such as a proper cage or roll bar, again rendering it unsafe; 7) the work site where the incident occurred was dangerously congested with other vehicles, personnel and equipment; 8) the ground at the work site was unstable; 9) they knew or should have known that it was in violation of numerous federal government OSHA standards; 10) they fraudulently bid below the cost of the contract knowing that it would have to cut corners regarding its employees’ safety in order to meet its contractual demands; 11) they did not use reasonable care required to protect employees and property against unreasonable risks of harm.
These allegations are similar to those deemed sufficient by the third district to preclude summary judgment in Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla.1991). In Connelly, the airplane’s mechanical deficiencies were (in part) a leaky hydraulic system, engine stalls, and overheating and faulty thrust reversers. The aircraft was routinely grossly overloaded. The court found substantial and competent evidence demonstrating that these conditions, all known to the employer were contributing factors in the plane crash.
The court in Connelly said the fact that the employer had withheld its knowledge of these conditions from the pilot, so as to prevent him from making an informed decision as to whether he should perform his job, supported an inference that the employer knew harm was substantially certain to occur. It held that the widow of the airline pilot, killed in the course of flying the defective plane, was not barred by the Workers Compensation Act because the employer’s conduct was so outrageous as to constitute an intentional tort. Because the evidence as to the employer’s operational practices was conflicting, the court remanded the cause for a factual resolution of the liability issue.
The problem in this case (spotted for the first time by this appellate panel) is that the numerous defects and defaults outlined in Becton’s complaint are not specifically alleged to have caused the accident which *142 led to Debra's death. Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978) (final judgment granting appellee’s motion to dismiss appellant’s amended complaint affirmed where no causal connection between negligent act and injury). See also Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991) (summary judgment in favor of store owner affirmed where no causal connection between cookie program and customer’s slip and fall); Younkman v. Waste Collection Services, 576 So.2d 801 (Fla. 1st DCA 1991) (trial court’s denial of workers’ compensation benefits affirmed where no causal connection between claimant’s psychiatric condition and work incident wherein she was sexually assaulted by one of her employer’s male customers).
All Becton alleges is that as a result of the intentional and willful and wanton conduct of appellees, Debra was killed. In’ contrast, in Connelly, the court said there was substantial and competent evidence that the defective conditions of the airplane, including its overloading, were contributing factors in the crash. I agree Becton’s complaint was defective to sufficiently allege proximate cause.
However, since this defect was raised for the first time at oral argument on appeal, I would affirm the dismissal below, but direct that on remand, Becton be allowed one more chance to amend to cure this defect. The record suggests to me that a sufficient allegation of proximate cause could be made in this case. Allowing one further amendment would be the fairer and better resolution of this case.[2]

. K & L contends that Becton’s claim is barred by section 440.011(1), Florida Statutes (1989) of the Workers' Compensation Act. This section provides, in part, the following:
440.11 Exclusiveness of liability.
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tort-feasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow *141 servant, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee. The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policy-making duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in s. 775.082.

. Ujcic v. City of Apopka, 581 So.2d 218 (Fla. 5th DCA 1991); P.C.B. Partnership v. City of Largo, 549 So.2d 738 (Fla. 2d DCA 1989); Unitech Corp. v. Atlantic National Bank of Miami, 472 So.2d 817 (Fla. 3d DCA 1985); Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982).