675 So.2d 638 (1996)
BOARD OF TRUSTEES OF the CITY OF MIAMI FIRE FIGHTERS' & POLICE OFFICERS' RETIREMENT TRUST, Petitioner,
v.
Ivan FERNANDEZ, Respondent.
No. 96-633.
District Court of Appeal of Florida, Third District.
June 5, 1996.
Rehearing Denied July 10, 1996.
Cypen & Cypen and Myles Cypen, Miami Beach, for petitioner.
Richard A. Sicking, Miami, for respondent.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
The City of Miami Retirement Board seeks certiorari review of a circuit court appellate decision, itself rendered on certiorari, which quashed an order of the Board denying the application of the respondent, a City of Miami police officer, for disability retirement benefits. We deny the writ and grant the respondent's motion for attorney's fees.

I.
The basis of the ruling below was that the conclusory notice given the petitioner of *639 the denial of benefits[1] met neither the requirements of due process nor those of section 112.66(7), Florida Statutes (1995) that:
There shall be timely adequate written notice given to any member or beneficiary whose claim for benefits under the terms of his or her retirement system or plan has been denied, setting forth the specific reasons for such denial. [e.s.]
Because, notwithstanding an incorrect but immaterial reference in dictum to the "Florida Administrative Procedure Act," the decision and opinion below are in full compliance with the essential requirements of the law, certiorari is denied. See Smith v. Metropolitan Dade County, 532 So.2d 84 (Fla. 3d DCA 1988); Polar Ice Cream & Creamery Co. v. Andrews, 150 So.2d 504 (Fla. 1st DCA 1963); Mendelson v. City Supplemental Pension Fund for Firefighters and Police Officers, 3 Fla.L. Weekly Supp. 145 (Fla. 11th Cir.Ct. April 21, 1995), cert. denied, 665 So.2d 227 (Fla. 3d DCA 1995) (table). See generally Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).

II.
Fernandez has filed a motion for an award of the attorney's fees involved in this proceeding, as assertedly authorized by section 185.40, Florida Statutes (1995). That provision states:
In any judicial proceeding or administrative proceeding under chapter 120 brought under or pursuant to the provisions of this chapter [which deals with "Municipal Police Officers' Retirement Trust Funds"], the prevailing party shall be entitled to recover the costs thereof, together with reasonable attorney's fees.
We agree that this case clearly qualifies as a "judicial proceeding ... brought under or pursuant to the provisions of this chapter." Hence, as have each of the several other courts presented with the identical issue, we grant the motion. City of Tamarac Employees' Pension v. Roden, No. 91-1559 (Fla. 4th DCA August 28, 1991); George v. Board of Trustees, 3 Fla.L.Weekly Supp. 571 (Fla. 12th Cir.Ct. Oct. 12, 1995); Anderson v. Board of Trustees, 1 Fla.L.Weekly Supp. 208 (Fla. 15th Cir.Ct. Jan. 25, 1993) (applying equivalent fire fighters' statute, section 175.391, Florida Statutes (1991)); Roden v. City of Tamarac Employees' Pension Trust Fund, No. 90-15063 (Fla. 17th Cir.Ct. May 3, 1991 and May 27, 1992) (same). In accordance with Sierra v. Sierra, 505 So.2d 432 (Fla.1987), the cause is remanded to the administrative judge of the appellate division of the circuit court for determination of the appropriate amount.
Certiorari denied, motion for attorney's fees granted and remanded.
NOTES
[1] "The City of Miami Fire Fighters' and Police Officers' Retirement Trust Board, at their meeting of September 16, 1994, moved to deny your request for disability retirement as it was not established that your disability is total, permanent, or service incurred. Therefore, you are not entitled to accidental, service incurred or ordinary disability."