948 So.2d 792 (2006)
Brian BROWNE, Appellant,
v.
The CITY OF MIAMI, Appellee.
No. 3D05-2542.
District Court of Appeal of Florida, Third District.
November 8, 2006.
Rehearing and Rehearing Denied March 6, 2007.
*793 Mark J. Berkowitz, Fort Lauderdale, for appellant.
Jorge L. Fernandez, City Attorney, and Mimi V. Turin, Assistant City Attorney, for appellee.
Before COPE, C.J., and GREEN and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied March 6, 2007.
SUAREZ, J.
Brian Browne appeals the trial court's order granting summary judgment in favor of the City of Miami. Summary judgment was not appropriate based on the facts of this case. Therefore, we reverse.
Brian Browne was employed by the City of Miami in 2001, as an "unclassified" employee. While employed, he notified departments and agencies that certain sums were being used by the City in ways Browne deemed illegal. Two months later, he was terminated. Browne filed an administrative complaint before the Civil Service Board which informed Browne, incorrectly, that he did not have a right, under Administrative Rule 16-2, to bring an administrative appeal because he was an "unclassified" employee. Two months later, Browne filed the present action in circuit court against the City for violation of the "Whistle-blower's Act," Chapter 112, Florida Statutes (2002), claiming the firing was a retaliatory action by the City because of his report to the agencies. The City filed a motion for summary judgment claiming the circuit court did not have jurisdiction as Browne had failed to exhaust the required administrative remedies. The City argued that Browne failed to pursue his required administrative remedies as the Civil Service Board did have the authority to hear his claim. Browne claims that he alleged in the complaint he had met all conditions precedent as opposed to alleging exhaustion of remedies because the Board had informed him that he had no administrative remedies. The trial judge granted the City's motion for summary final judgment citing that the trial court did not have jurisdiction as Browne had failed to exhaust the required administrative remedies.
A party is required to exhaust administrative remedies prior to turning to the circuit court for relief. See DeCarlo v. Town of W. Miami, 49 So.2d 596, 596-97 (Fla.1950); State Dep't of Envtl. Prot. v. PZ Constr. Co., Inc., 633 So.2d 76, 78-79 (Fla. 3d DCA 1994). This requirement applies to the Whistle-blower's statute. McGregor v. Palm Beach County, 674 F.Supp. 858 (S.D.Fla.1987). The Act itself provides in section 112.3187(8)(b):
Within 60 days after the action prohibited by this section, any local public employee protected by this section may file *794 a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section. The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority.
The Civil Service Board meets the requirement of section 112.3187(8)(b) as the panel before whom the administrative hearing must be conducted. City of Miami v. Del Rio, 723 So.2d 299 (Fla. 3d DCA 1998). The Board was required to make findings of fact and conclusions of law which the local governmental authority would then use to base its final decision. Therefore, Browne was required to appear before the Board and was required to obtain findings of fact and conclusions of law in order to proceed with a decision by the governmental authority. Only after he exhausted this required administrative remedy could he seek judicial relief. Up to this point the trial court was correct in determining that it lacked jurisdiction to hear his claim. The record contains a very important fact that precludes the granting of summary judgment. At the City of Miami Civil Service Board meeting in question, Browne's attorney appeared and was informed, incorrectly, by the Board that it had no jurisdiction. The meeting also was attended by the attorney for the Board and an Assistant City Attorney for the City of Miami. Both attorneys concurred with the Board's decision and told Browne's attorney that she had other statutory avenues to follow. The City cannot at the Civil Service Board hearing tell Browne the Board had no jurisdiction and then at the summary judgment hearing argue that the Civil Service Board did have jurisdiction and that Browne failed to exhaust his administrative remedies. Therefore the City is estopped from arguing that Browne failed to exhaust his administrative remedies and should have filed a petition for certiorari from the Board's decision. See Bruce v. City of Deerfield Beach, 423 So.2d 404, 406 (Fla. 4th DCA 1982). The City cannot have it both ways.
Reversed and remanded.