SUAREZ, J.
Dennis L. Williams seeks to reverse a final summary judgment granted to the City of Miami. We affirm, as Williams failed to exhaust his administrative remedies prior to bringing his claim in circuit court, pursuant to the Florida Whistle-blower’s Act.
Williams retired from the Miami Police Department [“Department”] after twenty five years of service, and continued to serve as a member of the Department’s Auxiliary/Reserve Officer Program. He became aware of a reprimand that had been placed in his file after his retirement, arising from an incident that occurred pri- or to his retirement.[1] Williams filed a memo with, and received a response from, the Department’s Disciplinary Review Board. The Department subsequently terminated Williams from the Department’s Auxiliary/Reserve Officer Program. Williams then filed this civil rights Complaint against the City of Miami pursuant to the Florida Whistle-blower’s Act, section 112.3187, Florida Statutes (2009), without first filing his grievance with the Civil Service Board. The City filed a motion for summary judgment, arguing that Williams could not bring his claim under the Florida Whistle-blower’s Act in the circuit court as he had failed to first exhaust his administrative remedies under that statute. The trial court agreed and granted the City’s motion.
Prior to filing suit in circuit court under the Whistle-blower’s Act, a plaintiff must first exhaust all administrative remedies. § 112.3187(8)(b), Fla. Stat. (2009). The Civil Service Board meets the requirement of section 112.3187(8)(b) as the panel before which the administrative hearing must be conducted. Browne v. City of Miami, 948 So.2d 792, 793 (Fla. 3d DCA 2006). Accordingly, pursuant to the Whistle-blower statute, Williams had sixty days from the date the aggrieved act took place to file a complaint with the Miami Civil *93 Service Board. See, e.g., City of Miami v. Del Rio, 723 So.2d 299, 301 (Fla. 3d DCA 1998). Williams states in his deposition testimony that he never filed a complaint with the Miami Civil Service Board. As a result, he did not satisfy the prerequisite to filing suit under the Whistle-blower’s Act, and the City of Miami was entitled to summary judgment on those grounds.[2],[3]
Affirmed.[4]

. The allegations in the reprimand and the allegations in the complaint filed in this action by Williams are not relevant to the issue in this appeal and therefore need not be discussed in this opinion.

. A party is required to exhaust administrative remedies prior to turning to the circuit court for relief. See DeCarlo v. Town of W. Miami, 49 So.2d 596, 596-97 (Fla.1950); State Dep't of Envtl. Prot. v. PZ Constr. Co., 633 So.2d 76, 78-79 (Fla. 3d DCA 1994). This requirement applies to the Whistle-blower's statute. McGregor v. Palm Beach Cty., 674 F.Supp. 858 (S.D.Fla.1987).

. City of Miami, Code of Ordinances, Sec. 40-128. — Grievances and abuses generally.
(a) Investigations by the [Civil Service Board]. Whenever the board has reason to believe that this article has been violated by the abuse of power in recommending or making an appointment to any position, or in a layoff, demotion, suspension, or removal without justification, or in any other manner, it shall be the duty of the board to investigate. If, in making this investigation, the board shall find that said violations were contrary to the intent and spirit of this article, it shall make a report thereof to the director of the department involved and to the city manager.
(b) Complaint by employee. Any employee who is aggrieved by reason of what he/she considers a violation of this article to his/her detriment, or who has a grievance concerning his/her employment under this article, and who desires redress, shall notify the executive secretary in writing, stating the nature of his/ her grievance and requesting a hearing by the board.
(1) Upon receipt of such notice, the executive secretary shall promptly inform the board, and the board shall schedule the matter for a hearing within 30 days of the date of receipt of the notice by the executive secretary, who shall notify the employee of the time, date, and place of hearing.
(2) If the board so desires, it may make a preliminary investigation of the matter before the hearing.
(3) The employee shall appear before the board at the scheduled time and place, and shall present pertinent information to the board concerning his/her grievance.
(4) The board shall consider the matter, and promptly present its findings and recommendations to the city manager for his/her consideration of a proper remedy, if a remedy is necessary.
(Ord. No. 8977, § 2 (rule 16 (16.1, 16.2)), 7-24-79; Code 1980, § 40-103)

.Williams argues that based on Browne v. City of Miami, 948 So.2d 792 (Fla. 3d DCA 2006), he did not have to file first with the Civil Service Panel. Browne is inapplicable to this case as it was based on the particular facts in that case. The facts in this case, however, are not the same or even analogous.