**Latrelle CAMPBELL, Plaintiff-Appellant,**

v.

**PIERCE COUNTY, GEORGIA, By and Through the BOARD OF COMMISSIONERS OF PIERCE COUNTY, Troy Mattox, Foy Kimbrell, and Larry Thomas, Defendants-Appellees.**

No. 83–8731.

United States Court of Appeals, Eleventh Circuit.

Sept. 18, 1984.

Rehearing and Rehearing En Banc Denied Oct. 24, 1984.

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

Eugene Highsmith, Brunswick, Ga., for plaintiff-appellant.

Wallace E. Harrell, Brunswick, Ga., for defendants-appellees.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Before KRAVITCH and JOHNSON, Circuit Judges, and ALLGOOD *, District Judge. ·

JOHNSON, Circuit Judge:

This is an action brought under 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983 for alleged deprivations of constitutional rights arising from termination of public employment. The former employee, Latrelle Campbell, appeals from an order of the United States District Court for the Southern District of Georgia granting the county's motion for summary judgment. Because there is no material issue of fact as to whether the appellant was given the constitutionally required opportunity to clear her name in connection with her termination, we affirm.

## I. Factual Background

Appellant Campbell was employed as Assistant Clerk to the Board of Commissioners of Pierce County until January 5, 1982. On that date, a meeting of the Board of Commissioners voted to dismiss her from employment. At the conclusion of the session, appellant received both oral and written notification of the decision and the reasons which led to it. The reasons cited were insubordination, disrespect and misappropriation of county funds. The personnel action taken against appellant Campbell and the reasons for her dismissal were reported in the minutes of the Commissioners' meeting and thus became available to the public. Subsequently, local newspapers and radio stations began a series of reports publicizing her termination and the charges of insubordination and mishandling of county funds.

On the 8th of January, appellant received correspondence from the appellees, reiterating the reasons for her dismissal and setting a date for the hearing that appel-

lant had previously requested. On January 21, 1982, a hearing was held at which the county presented witnesses who testified as to the circumstances which led to appellant's dismissal. Appellant was afforded the opportunity to cross-examine such witnesses and to present evidence on her behalf. After hearing all of the relevant testimony, the Board of Commissioners affirmed its previous decision.

On January 3, 1983, appellant filed her complaint under 42 U.S.C.A. § 1983, alleging that her termination and the subsequent news coverage of the reasons for it had damaged her reputation and impaired her ability to secure future employment. She claimed that this damage, which allegedly deprived her of liberty without due process, was not cured by the subsequent hearing, which she claimed was inadequate and constitutionally infirm. She sought relief, in the form of damages, from the county. On September 30, 1983, the district court granted the county's motion for summary judgment, holding that the January 21, 1982, hearing provided appellant with the "fair opportunity to clear her name" which was constitutionally required in cases involving reputational or liberty interests. From this order Campbell appeals.

Appellant claims that the district court erred in holding as a matter of law that she was not entitled to a pre-termination hearing, that the post-termination hearing provided was not constitutionally inadequate, and that she was not entitled to a damages remedy. In evaluating appellant's claims, we will consider first the nature of the deprivation alleged, and then appellant's contentions concerning the adequacy of the process provided.

II. Nature of the Deprivation

 One issue with respect to which the parties agree in this case is the nature of the deprivation claimed. Appellant admits that, as an at-will employee, she possessed no property interest in her continued employment with Pierce County. The harm suffered by the appellant was damage to reputation caused by the adverse publicity arising from the legally-sanctioned publication of the Commissioner's meeting at which she was dismissed. While damage to reputation, standing alone, does not provide the basis for an action under Section 1983, *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), when such damage is sustained in connection with a termination of employment, as occurred in the instant case, it may give rise to a claim for deprivation of liberty actionable under Section 1983. *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); *Paul v. Davis, supra; Roth v. Board of Regents*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *In Re Selcraig*, 705 F.2d 789 (5th Cir.1983); *White v. Thomas*, 660 F.2d 680 (5th Cir. 1981).

Yet while appellant concedes that she possesses only a liberty interest in connection with her termination, she demands a type of process which is virtually indistinguishable from that afforded claimants with a property interest in their employment. The district court held, and we agree, that these two types of interests require distinct procedural responses.

Where a property interest is at stake, courts have usually held that a pre-deprivation hearing may be required.[1] *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Glenn v. Newman*, 614 F.2d 467 (5th Cir.1980). The purpose of such a hearing is to prevent a

---

1. Not all of the courts which have adopted this position have actually ordered the pre-deprivation hearings sought in the cases before them. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), which articulated the balancing test relied on by appellant, held that a pre-deprivation hearing was not required before an individual could be deprived of social security disability payments. Moreover, even in cases where courts have held that a pre-deprivation hearing was constitutionally required, they have sometimes held a post-deprivation hearing sufficient to cure the violation. *Glenn v. Newman*, 614 F.2d 467 (5th Cir.1980).

substantively unfair or mistaken deprivation of the claimant's interest. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Fuentes v. Shevin, supra.*

In cases where a liberty interest arising from reputational damage is implicated, the courts have followed a different procedural course. The hearings granted in such cases serve not to avert the unjustified denial of a specific benefit, but to allow the aggrieved party to "clear his name." *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). The procedural requisites of this type of hearing are also different. Because it is provided simply to cleanse the reputation of the claimant, the hearing need not take place prior to his termination or to the publication of related information adverse to his interests. The Fifth Circuit stressed this point in *In Re Selcraig,* a case involving a liberty interest similar to that at stake in this case:

> The hearing ... is not a prerequisite to publication [of adverse material] and the state is not obliged to tender one. The state need only make known to the stigmatized employee that he may have an opportunity to clear his name upon request. It need not initiate the hearing process of its own accord.

705 F.2d 789, 796 (5th Cir.1983). *See also Rodriguez de Quinonez v. Perez,* 596 F.2d 486 (1st Cir.1979) (pre-termination hearing not required but post-termination hearing necessary in case involving liberty interest); *White v. Thomas, supra,* (post-termination hearing proper remedy for employee deprived of liberty interest during termination). While the features of such a hearing itself have been prescribed with substantial flexibility, courts have required that the claimant have notice of the charges which have been raised against him, and an op-portunity to refute, by cross-examination or independent evidence, the allegations which gave rise to the reputational injury. *White v. Thomas, supra; Endicott v. Huddleston,* 644 F.2d 1208 (7th Cir.1980).

### III. Adequacy of the Process Provided

■ Against the backdrop of this precedent, it is clear that the district court was wholly justified in finding that Pierce County had afforded appellant Campbell the process necessary to redress any injury to her liberty interest.

### A. Timing of the Hearing

The identification of appellant's claim as the deprivation of a *liberty* interest is dispositive of appellant's contention that she was entitled to a pre-termination hearing. The only process required in this case is the kind of "name-clearing" hearing described in *Codd v. Velger* and *In Re Selcraig, supra;* and such a hearing is not required to be held prior to termination.[2] Indeed, as the court in *Selcraig* observed, the factual predicate for a claim of reputational damage is the publication of adverse material which, in this case, did not occur until after appellant's termination. *In Re Selcraig,* 705 F.2d 789, 797 (5th Cir.1983).

### B. Procedural Features of the Hearing

In cases involving only liberty interests, the courts have required only that the claimant be accorded notice of the charges against him and an opportunity "to support his allegations by argument however brief, and, if need be, by proof, however informal." *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 16 n. 17, 98 S.Ct. 1554, 1564 n. 17, 56 L.Ed.2d 30 (1978); *White v. Thomas, supra; Endicott v. Huddleston, supra.* In light of such flexibility, the

---

**2.** Nothing in appellant's argument or sources establishes the contrary. The majority of the cases she cites—in particular *Mathews v. Eldridge, supra,* from which she derives the balancing test she claims is controlling—concern deprivations of a property, rather than a liberty, interest. Of the cases which implicate a liberty interest, one, *Rodriguez de Quinonez v. Perez, supra,* states unequivocally that only a post-ter-mination hearing is required, and the other, which involved both liberty and property interests, draws less of a distinction between the two interests and instructs the parties that "the liberty interest could easily have been protected" in the pre-termination hearing required for the property interest. *Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773, 778 (9th Cir.1982).

district court was correct to reject appellant's claim that the hearing provided by appellees was constitutionally inadequate. With respect to adequacy of notice, appellant had the full period between her termination and the January 21, 1982, hearing to familiarize herself with the charges that had been made against her; moreover, the record of the hearing shows that she had, and availed herself of, opportunity to hear and cross-examine all adverse witnesses and to attempt to rebut their claims of insubordination and mishandling of funds. As to appellant's charge that the composition of the tribunal rendered impartiality impossible, we agree with the district court that the nature of the hearing resolves this question. Because the purpose of the hearing was not to re-evaluate appellant's termination but to allow her to clear her name, the fact that the tribunal was composed of members of the Board of Commissioners did not impair its ability to preside in an acceptably impartial manner.[3]

### C. Damages

In her claim for damages, appellant cites a number of cases in which courts have awarded damages in connection with the deprivation of a liberty interest. Yet these cases, in which the claimant was denied any procedural opportunity to clear his name, *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *White v. Thomas, supra; Rodriguez de Quinonez v. Perez, supra*, or in which a substantial amount of time elapsed between the claimant's termination and the "name-clearing" hearing, *Endicott v. Huddleston, supra* (hearing not granted until

almost three years after termination), are wholly distinguishable from the instant case.[4] Because appellant was provided with a constitutionally adequate opportunity to clear her name only 14 days after her dismissal, she cannot prevail on her claim for damages under Section 1983.

AFFIRMED.

---

**3.** *Vanelli v. Reynolds School Dist. No. 7, supra,* one of appellant's main authorities, goes even further on the question of impartiality. Citing decisions in a variety of contexts in which the prior participation of employers in termination decisions did not disqualify them from participating in subsequent hearings, the court held that the participation of board members is "in practical effect no different from a judge or administrator rehearing his own decision after reversal and remand." 667 F.2d at 779 n. 10.

**4.** At least one court has expressed doubt as to whether the denial of due process in connection

with a reputational injury could provide an independent basis for damages under Section 1983. *Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773, 781 (9th Cir.1982) (doubting "there will be much difference" between the "intensity and degree of suffering when a procedural deprivation impairs both a liberty and property interest as when it impairs only a property interest"). This reservation is in accord with the holding in *Carey v. Piphus, supra,* that damages arising from mental and emotional distress cannot be assumed but must be documented by proof.