**Kraig GRAHAM, Plaintiff,**

v.

**Sylvester JOHNSON, Commissioner of the Philadelphia Police Department, et al., Defendants.**

No. Civ. A. 02–7794.

United States District Court, E.D. Pennsylvania.

March 5, 2003.

**564**

Tshaka LaFayette, LaFayette & Assoc., Philadelphia, PA, for plaintiff.

Gerald E. Wallerstein, City of Philadelphia Law Dept., Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

SCHILLER, District Judge.

Plaintiff Kraig Graham commenced this civil rights action under 42 U.S.C. § 1983 against Sylvester Johnson, Commissioner of the Philadelphia Police Department, and John Cerrone, Captain of the 12th District of the Philadelphia Police Department. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In their motion to dismiss, Defendants assert that because Plaintiff, a probationary employee, lacked a protectible property interest in his employment, any claim by Plaintiff for a name-clearing hearing fails as a matter of law. For the reasons set forth below, I deny Defendants' motion and hold that Plaintiff's may proceed with a claim for name-clearing.

## I. BACKGROUND

According to his Complaint, Mr. Graham was employed for a probationary period by the Philadelphia Police Department as a police officer when he was arrested and charged with Statutory Sexual Assault and Corrupting the Morals of a Minor on or about December 2, 2001. (Compl.¶ 8.) On that same date or shortly thereafter, the Philadelphia Police Department terminated Plaintiff's employment. (*Id.*) In June 2002, a jury acquitted Mr. Graham of the criminal charges against him. (*Id.*¶ 9.) The Police Department subsequently denied Plaintiff's request for reinstatement and the opportunity to clear his name at a post-termination hearing. (*Id.*) Claiming that he is now unable to obtain any employment as a police officer, Mr. Graham filed the instant civil rights action.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.,* 237 F.3d 270, 272 (3d Cir.2001). Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. DISCUSSION

### A. Right to Name–Clearing Hearing

The Fourteenth Amendment forbids state actors from depriving individuals of life, liberty, or property without due pro-

cess of law. *See, e.g., Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Under the Fourteenth Amendment, the term "liberty" encompasses an array of rights, including the right "to engage in any of the common occupations of life." *Id.* at 572, 92 S.Ct. 2701 (*quoting Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923)). Among other things, this concept of liberty protects individuals that a public employer terminates or refuses to rehire for stigmatizing reasons: "[W]here a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Consequently, when a governmental entity terminates or refuses to reinstate an employee for reasons that impugn that person's reputation, honor, or integrity, the terminated employee may be entitled to an opportunity to refute the allegations against them at what is commonly referred to as a "name-clearing hearing." *See generally Ersek v. Township of Springfield,* 102 F.3d 79, 83–84 (discussing name-clearing hearings under Third Circuit caselaw).

## B. "Plus" Requirement

In a number of cases, the Third Circuit has recognized the validity of name-clearing hearings. *See, e.g., Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 402 n. 1 (3d Cir.2000); *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 797 (3d Cir.2000); *Kelly v. Borough of Sayreville,* 107 F.3d 1073, 1078 (3d Cir.1997); *Ersek,* 102 F.3d at 83–85; *Clark v. Township of Falls,* 890 F.2d 611, 619–20 (3d Cir.1989); *Fraternal Order of Police, Lodge No. 5 v. Tucker,* 868 F.2d 74, 82–83 (3d Cir.1989). Notwithstanding this general approval of the name-clearing hearing, it is unclear whether the right to a name-clearing hearing is potentially available to all public employees, or only those with a protectible property interest in their employment. In *Ersek,* now-Chief Judge Becker highlighted the unsettled nature of this issue:

> It is clear that to make out a claim for a violation of a liberty interest in reputation a plaintiff must show a stigma to his reputation plus some concomitant infringement of a protected right or interest. This element is now commonly termed the 'reputation-plus' or 'stigma-plus' requirement.... [I]t is not clear whether something less than a property interest, independently protected by the Due Process Clause, could be a sufficient 'plus'.... Fortunately, we need not reach this difficult question here.

102 F.3d at 83 n. 5 (internal citations omitted). The difficulty associated with this question arises, at least in part, from the fact that the Supreme Court has suggested, but not announced, that the loss of a protectible property interest is not a prerequisite to the right to a name-clearing hearing. In *Paul,* the Supreme Court appeared to indicate that the loss of employment, coupled with damage to one's reputation, is sufficient to state a claim for a deprivation of one's liberty:

> While we have in a number of our prior cases pointed out the frequently drastic effect of the 'stigma' which may result from defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause.

*Paul*, 424 U.S. at 702, 96 S.Ct. 1155.[1] However, the meaning of *Paul*, and the "tangible interests" language in particular, is "not unambiguous." *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir.1989). As a result, and as the *Ersek* court noted, it is not entirely clear what the " 'plus' is." *Id.*

In moving to dismiss, Defendants have seized upon this precise issue. Plaintiff concedes that he was employed by the Philadelphia Police Department as "essentially an 'at-will' employee [without a] legally protected 'property' interest in continued employment under the Due Process Clause" (Pl.'s Opp. to Defs.' Mot. to Dismiss at 3), and Defendants take the position that Plaintiff's probationary status at the time of his termination is fatal to his claims as a matter of law. *See Clark*, 890 F.2d at 619 (stating that entitlement to name-clearing hearing requires injury to reputation that "occur[ed] in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution."); *see also Merkle*, 211 F.3d at 797 (stating that the plaintiff "may show that her Four-

teenth Amendment rights were violated if the harm to her reputation occurred while she was being deprived of another constitutional right")[2]; *Ersek*, 102 F.3d at 83 n. 5 ("Language in *Clark* may be read broadly to hold that the 'plus' must be a protectible property interest.").

## C. Caselaw from Other Circuits

Because Defendants' argument has neither been definitively accepted nor rejected by the Third Circuit, it is helpful to consider the results reached by other courts.[3] In other circuits, it is well-settled that the loss of government employment, when coupled with stigmatizing allegations, entitles the former employee to a name-clearing hearing, regardless of whether the former employee had a protectible property interest in his or her employment. *See Doe v. United States Dep't of Justice*, 753 F.2d 1092 1110 n. 18 (D.C.Cir.1985) (collecting cases). As a recent example, the Eighth Circuit found that the termination of an at-will employee may trigger the right to a name-clearing hearing:

1. As the *Ersek* court observed, 102 F.3d at 83 n. 5, in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), the Supreme Court expressed approval of a lower court's decision that an employee without a protectible property interest in his job could bring a claim for a violation of a liberty interest in his reputation. *See id.* at nn. 10, 13. However, the *Owen* Court summarily set forth its reasoning in a footnote, with the recognition that no cross petition had been filed on the issue, *see id.* at n. 13, thereby leaving the value of the Court's comments debatable. Similarly, in *Roth*, the Court addressed the right of a non-tenured professor at a state institution to a post-termination name-clearing hearing, and suggested that the professor could be entitled to such a hearing if he faced stigmatizing allegations: "The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community.... Had it done

so, this would be a different case." 408 U.S. at 572, 92 S.Ct. 2701.

2. This statement in *Merkle* did not affect the conclusion reached by the Third Circuit. In *Merkle*, the court concluded that "[i]n light of [the] determination that it was error for the district court to grant the motion ... for summary judgment on the First Amendment claim, the disposition of Merkle's claim of injury to her reputation will also be reversed and remanded." 211 F.3d at 797. Thus, because the *Merkle* court found that the plaintiff's constitutional claim could proceed, it was not necessary for the *Merkle* court to reach the issue of whether something less than a deprivation of a constitutional right is sufficient to trigger the right to a name-clearing hearing.

3. The parties have not cited, and research has not revealed, any decisions from this Court that clarify the state of the law on this issue.

An at-will, public employee generally has no protected liberty interest in continued employment which would obligate a state employer to provide some form of a hearing in connection with the employee's discharge. An exception to this general rule exists where a state employer creates and disseminates a false and defamatory impression about the at-will employee in connection with the discharge. The Supreme Court has recognized in such situations that the Constitution's procedural due process protections require the employer to provide the employee with an opportunity to dispute the defamatory allegations in what is commonly referred to as a name-clearing hearing.

*Speer v. City of Wynne,* 276 F.3d 980, 984 (8th Cir.2002) (internal citations omitted). Similarly, in a case involving an at-will employee, the Eleventh Circuit has explained that although "damage to reputation, standing alone, does not provide the basis for an action under Section 1983 ... when such damage is sustained in connection with a termination of employment, as occurred in the instant case, it may give rise to a claim for deprivation of liberty...." *Campbell v. Pierce County,* 741 F.2d 1342, 1344 (11th Cir.1984); *see also Neu,* 869 F.2d at 667 ("*Paul* thus strongly suggests that defamation, even if it leads to a significant loss of employment opportunities, is not a deprivation of a liberty interest unless it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status."); *Dennis v. S & S Consol. Rural High School Dist.,* 577 F.2d 338, 342–43 (5th Cir.1978) ("[S]tigma to reputation in conjunction with a failure to rehire a non-tenured employee states a claim under § 1983 for deprivation of a Fourteenth Amendment liberty interest without due process.... It is the individual's status as

a government employee and not his property interest in continued employment which furnishes the 'plus' that raises reputation to the level of a constitutionally protected liberty interest."); *Colaizzi v. Walker,* 542 F.2d 969, 973 (7th Cir.1976) ("[C]ombination of stigma plus failure to rehire/discharge states a claim even if the failure to rehire or discharge of itself deprives the plaintiff of no property interest within the meaning of the Fourteenth Amendment.").

█ The D.C. Circuit has considered this question in detail. Interpreting Supreme Court precedent, the D.C. Circuit explained:

> [A] constitutionally recognized liberty interest depends on the existence of a special, tangible relationship between the government and the individual in specific contexts. A property interest explicitly created and protected by independent state or federal law undoubtedly creates such a relationship and satisfies the threshold aspect of this 'reputation plus' standard. *See* [*Paul,* 424 U.S.] at 711–712, 96 S.Ct. 1155. The *Paul* court, however, clearly indicated that the 'other governmental action,' *id.* at 699, 96 S.Ct. 1155, required to satisfy the 'plus' in this formula also includes a loss of government employment or a foreclosure of future government employment opportunities.

*Doe,* 753 F.2d at 1107. In addition to closely analyzing the pertinent caselaw, the court buttressed its conclusion with straightforward and compelling logic.

> Government employees who enjoy an independent property interest in continued employment, of course, must be afforded due process upon termination regardless of whether they are discharged in connection with stigmatizing allegations. That process will ordinarily af-

ford those employees an opportunity to refute stigmatizing allegations. The liberty clause, by contrast, protects reputation, not job tenure, in the government employment context.

*Id.* at 1108 n. 15. Thus, if one's right to a name-clearing hearing could only be invoked when the loss of a protectible property interest had occurred, "the liberty clause would be stripped of any independent meaning in [this] context...." *Id.*[4] I accept this reasoning and join those courts that have found that the lack of protectible property interest does not prevent a public employee from bringing a claim for a name-clearing hearing.

## IV. CONCLUSION

■ Although the Third Circuit has not resolved the issue, in view of indications from the Supreme Court and caselaw from other circuits, I conclude that Plaintiff's lack of a protectible property interest in his employment with the Philadelphia Police Department does not preclude him from bringing a claim for a post-termination name-clearing hearing. Accordingly, I deny Defendants' motion to dismiss.[5] Whether or not Mr. Graham is entitled to

such a hearing presents factual issues that cannot be addressed at this stage in the case's proceedings.

An appropriate Order follows.

## ORDER

**AND NOW**, this day of March, 2003, upon consideration of Defendants Sylvester Johnson's and John Cerrone's Motion to Dismiss the Complaint, Plaintiff Kraig Graham's response thereto, and following oral argument thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss (Document No. 3) is **DENIED**.

2. By **March 18, 2003**, Defendants shall file an Answer to Plaintiff's Complaint.

---

4. A case from the Southern District of New York also supports Plaintiff's claim for a due process hearing. In *Rivera v. Community Sch. Dist. Nine*, 145 F.Supp.2d 302 (S.D.N.Y. 2001), a probationary teacher was terminated for allegedly helping students cheat on standardized tests, and she subsequently brought a § 1983 action against the school district. The court held that the accusations against her implicated a liberty interest: "When a state fires an employee and publicly charges that she acted dishonestly or immorally, due process guarantees the employee an opportunity to defend her good name, reputation, honor, or integrity." *Id.* at 307 (*citing Donato v. Plainview–Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 630 (2d Cir.1996)).

5. Defendants also move for dismissal of Plaintiff's punitive damages claim. Although punitive damages cannot be recovered from defendants in their official capacities, see, e.g.,

*Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988), Plaintiff has not indicated whether or not he is suing Defendants in their individual capacities. In any event, it does not appear that there is any set of facts that would entitle Plaintiff to money damages, other than counsel fees, in this action. *See Codd v. Velger*, 429 U.S. 624, 627–28, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) ("Assuming all of the other elements necessary to make out a claim of stigmatization ... the remedy mandated by the Due Process Clause of the Fourteenth Amendment is an 'opportunity to refute the charge.'" (*quoting Roth*, 408 U.S. at 573, 92 S.Ct. 2701)). Nonetheless, in order to afford the parties the opportunity to address this issue, I will reserve ruling on all issues related to Plaintiff's entitlement to damages, including Defendants' arguments in favor of the dismissal of the claim for punitive damages.