357 So.2d 739 (1978)
Stanley A. KAUFMAN, As Director of the Rent Control Administration of the City of Miami Beach, Florida, the City of Miami Beach, Florida, a Municipal Corporation, Rose Aster and Henrietta Tauber, the Greenview Hotel Corporation, and Trust No. II D/B/a Viking Apartments, Harold J. Segal, Trustee, Appellants,
v.
Helyne MACHIEDO, George Ratits, and Ethel Blaustein, and All Other Persons Similarly Situate, Appellees.
No. 77-569.
District Court of Appeal of Florida, Third District.
April 4, 1978.
Rehearing Denied May 8, 1978.
Joseph A. Wanick, City Atty. and Andrew H. Moriber, Asst. City Atty., Arthur Newman, Miami, for appellants.
Larry A. Baker, Miami Beach, and Bruce Green, Legal Intern, Legal Services of Greater Miami, Inc., for appellees.
Abrams & Abrams, Miami, for amicus curiae.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the defendants, City of Miami Beach and Stanley A. Kaufman, as Director of the Rent Control Administration of the city, and certain other defendants, from an adverse final judgment entered in a class action challenging the validity of an order of said Director increasing allowable rents by a certain percentage, and seeking to enjoin application or enforcement of the order.
Among several contentions relied on by the appellants for reversal of the judgment is the contention that the cause should have been dismissed for failure of plaintiffs to exhaust an administrative remedy which was prescribed. We find merit in that contention, making it unnecessary to rule on the other contentions presented by appellants.
As provided for in the city's Rent Stabilization Law, Ordinance No. 74-2018, during the time the law was in effect the Director, after a hearing and based on certain data, issued an administrative order for the rent increase. The ordinance, by subsection B of Section 8, provided an administrative remedy, resort to which was made a condition precedent to seeking review of an order issued by the Director, as follows:
"B. Any person subject to the provision of any order issued by the Director, must, prior to seeking judicial review, file a petition for reconsideration to the Director within thirty (30) days from the date of issuance of such order. The petition shall set forth concisely the alleged omissions, oversights, causes or grounds *740 upon which it is based. If there be no such request within thirty (30) days, the findings and order of the Rent Director shall be deemed final."
A motion of defendants to dismiss the complaint included a ground that plaintiffs had failed to pursue the administrative remedy prior to filing the action. The motion was denied. The appellants' assignments of error included one directed to that ruling of the trial court, and the point was argued in the brief of appellants.
In the absence of exhaustion of the administrative remedy, the filing of the action in the circuit court was premature. It is well settled that exhaustion of prescribed administrative remedies is a prerequisite to seeking court review of a ruling or order of an administrative officer or board. DeCarlo v. Town of West Miami, 49 So.2d 596 (Fla. 1950); Wood v. Twin Lakes Mobile Homes Village, 123 So.2d 738 (Fla. 2d DCA 1960); Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961); Crudele v. Cook, 165 So.2d 424 (Fla. 3d DCA 1963); Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA 1973); Florida Welding & Erection Service, Inc. v. American Mutual Insurance Company of Boston, 285 So.2d 386 (Fla. 1973).
For the reason assigned, the judgment is reversed and the cause is remanded with direction to dismiss the complaint.
It is so ordered.