386 So.2d 897 (1980)
FLORIDA POWER Corporation, a Florida Corporation, Appellant,
v.
ADVANCE MOBILE HOMES, INC., a Florida Corporation, Appellee.
No. 79-173.
District Court of Appeal of Florida, Fifth District.
August 20, 1980.
*898 Darryl M. Bloodworth, Sylvia H. Walbolt, and J. Brent Walker of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando and Tampa, for appellant.
Jack B. Nichols and Harold L. Downing of Nichols & Associates, P.A., Orlando, for appellee.
EVANS, VERNON W., Jr., Associate Judge.
Appellant, Florida Power Corporation, has presented several points on appeal. In its first point, appellant contends that the action in the lower court was premature in that the appellee had failed to exhaust its administrative remedies before initiating the action.
The dispute between the appellant-utility and the appellee-customer arose out of conversations between representatives of the two companies in 1973 concerning future underground electrical installations at appellee's mobile home park. It was not until 1976 that appellee had substantially completed its expansion and at that time a dispute arose as to whether the appellant-utility was required to make a complete underground installation at once in what was called Phase II of the mobile home park or whether it was required only to make the installations in increments to the extent necessary for the foreseeable future and what the charges would be, if any, for such underground installation. The appellee brought this suit claiming a breach of contract allegedly arising out of the 1973 conversations. One of the appellant's affirmative defenses dealt with the failure of the appellee to exhaust its administrative remedies before initiating the action and consequently in the litigation the appellant sought a summary judgment and later a directed verdict at the trial on this defense. The lower court denied both motions and submitted the issues to the jury and the jury returned a verdict in favor of the appellee for $456,000.00. Appellant's posttrial motions were denied and this appeal ensued. The appellee has not at any time, either in the court below or here, contended that it had exhausted its administrative remedies, but rather its position has been that it was under no legal obligation to do so.
The Florida Public Service Commission has been given exclusive jurisdiction to regulate the public utilities of this state. Ch. 366, Fla. Stat. (1979). Storey v. Mayo, 217 So.2d 304 (Fla. 1968). The Commission has been given comprehensive and exclusive jurisdiction to both regulate the public utilities and, through its rules to set forth extensive procedures to be followed in resolving the very dispute which started this litigation. For example, Chapter 25-26 of the Florida Administrative Code deals with electrical utilities and applicants for service. Rule 25-26.83 deals specifically with electrical underground extensions, and the rule further provides that any disputes arising thereunder should be referred to and resolved by the Commission.[1] Rates and charges for services or installations by utilities are without a doubt matters coming exclusively within the primary jurisdiction of the Commission. In Richter v. Florida Power Corp., 366 So.2d 798 (Fla. 2d DCA 1979) the court said: "We hold that the PSC does have exclusive jurisdiction to decide [whether the consumer was overcharged]. The PSC is best equipped to investigate the consumers' allegations, and, *899 if necessary, to establish the mechanism whereby refunds could be made ..."
It has been consistently held that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. Florida Welding and Erection Service, Inc. v. American Mutual Insurance Co. of Boston, 285 So.2d 386 (Fla. 1973). Oldham v. Foremost Dairies, Inc., 128 So.2d 568 (Fla. 1961); Kaufman v. Machiedo, 357 So.2d 739 (Fla. 3d DCA 1978) cert. denied, 364 So.2d 888 (Fla. 1978); Atlantic Gas Corp. v. REC Centers, Inc., 305 So.2d 791 (Fla. 4th DCA 1975); Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA 1973), cert. denied, 284 So.2d 396 (Fla. 1973).
Upon a review of the record on appeal and after consideration of the briefs and oral arguments of counsel, we are convinced that the appellee-plaintiff failed to exhaust administrative remedies before initiating this action and therefore the trial court erred in denying both the appellant's motion for summary judgment and motion for directed verdict made upon the trial of the case.
In the light of this holding, the remaining points on appeal and cross-appeal require no determination.
Accordingly this cause is reversed and remanded to the trial court with directions to enter an order of dismissal.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Rule 25-26.83 of the Florida Administrative Code: "When the application of these rules appears impracticable or unjust to either party, or discriminatory to other customers, the utility or applicant shall refer the matter to the Commission for special ruling or for the approval of special conditions which may be mutually agreed upon prior to commencing construction."