PER CURIAM.
These are consolidated petitions for writs of certiorari. We deny the petitions.
Respondent filed an amended complaint in three counts against petitioners. In Count I he alleged that in 1974 he had been hired by Mental Health District Board No. 20 as business manager for a term which extended to his 65th birthday and could be terminated only in accordance with “State Merit System Rules”; that pursuant to Section 394.69(3), Florida Statutes (1976), District Boards 18 and 20 merged together to form District Board 9 which assumed all of Board 20’s responsibilities as of January 1, 1977; that the four individual petitioners conspired to discharge respondent in January, 1977; that Board 9 fired respondent on January 10, 1977 without good cause and due process, and not according to the “Merit System”; that respondent asked the executive committee of Board 9 for reconsideration of his firing, which was denied; and that respondent has been damaged by Board 9’s breach of contract. Respondent seeks damages against Boards 9 and 20.
In Count II, respondent seeks compensatory and punitive damages for defamation against Boards 9 and 20, two directors of Board 9 (Wymbs and Reyner) and two HRS employees (Bray and Weiner) and alleges that the four individual representatives conspired at a secret meeting to oust respondent; that one of four representatives, Weiner, prepared a report of an audit that was made for the purpose of trying to find reasons to justify respondent’s termination; that the report was “slanted, unfair and biased"; that petitioners called a meeting of Board 9 to which the press and county officials were invited and at which the defamatory report was made public; and that the publication of the report prevented respondent from obtaining employment in his professional field as well as other damages.
In Count III respondent alleges that prior to 1974 he was employed as an internal auditor for HRS; that as long as he satisfactorily performed his job with HRS he would be secure in his employment until age 65; that Board 20 induced him to leave his employment by HRS and become employed by Board 20 by promising him the same duration of employment and requirements for involuntary termination which he previously enjoyed; that the officers and directors of Board 9 in December, 1976, assured him of continued employment, causing respondent to notify prospective employers that he was unavailable; that Boards 9 and 20 are promissorily and otherwise estopped from denying respondent the benefits he would have obtained under the State Merit System; and that from the date of his firing respondent has lost all of his salary, fringe benefits and raises which damages should be determined against Boards 9 and 20.
Petitioners moved for summary judgment. As to Count I they argued respondent did not exhaust administrative remedies provided by Chapter 110, Florida Statutes. At the time of respondent’s discharge, Section 110.061, Florida Statutes (1976)[1] provided that any employee who had permanent status in the Career Service could be dismissed only for cause and could file a written appeal to the Career Service Commission within 20 days of receipt, by certified mail, of the notice of dismissal.
As to Counts II and III, petitioners argued that respondent had failed to allege or show that he had presented a written claim to Boards 9 and 20 and the Department of Insurance within three years of his discharge ' as required by Section 768.28(6), Florida Statutes (1976); that he had not pled any facts to establish estoppel against application of the statute; and that orders in a federal action brought by respondent against petitioners were res judicata on the point.[2]
*987 The trial court denied summary judgment but abated the action and granted respondent leave to pursue whatever administrative remedies he has available.
Boards 9 and 20, Wymbs and Reyner, contend the trial court should have dismissed the action for failure of respondent to exhaust his administrative remedies rather than abating the action; that by not so dismissing, the order does not conform to the essential requirement of law; and that the expense to be incurred in the defense of the present action is not remediable by appeal after judgment. Petitioners Bray and Weiner argue that we should order the trial court to enter summary final judgment as to Count I — in which no relief is sought as to the two petitioners — and they contend the irremediable injury here is in failing to obtain a final adjudication in state court which would preclude consideration of the matter in the ongoing federal action.
The individual petitioners have no standing to contest the abating of the action because of a failure to exhaust administrative remedies. The only relief sought against any of the individual petitioners is in Count II, a claim for defamation, which is clearly not involved in any consideration of dismissal of Count I.
As for Boards 9 and 20, we do not consider an order of abatement in these circumstances to be a departure from the essential requirements of law. Petitioners cite a number of cases for the general proposition that failure to exhaust administrative remedies requires dismissal but none of the cases cited involved a choice between abatement and dismissal. Moreover, dismissal in this case could not be as to all counts.
Finally, the Boards have failed to show any harm being caused by the order which is not curable by plenary appeal after final judgment.[3]
Accordingly, the petitions are denied,
PETITION FOR WRIT OF CERTIORARI DENIED,
ANSTEAD, MOORE and GLICKSTEIN, JJ., concur.

. The parties make reference to Sections 110.-227, 110.305(7) and 110.227. None of these sections were in existence at the time of respondent’s discharge.

. In the federal action, the trial court granted Boards 9 and 20’s motion to dismiss respondent’s amended complaint with leave to amend to allege facts which would amount to a waiver or estoppel of the claim notice requirements.

. See, for example, Florida Power Corporation v. Advance Mobile Homes, Inc., 386 So.2d 897 (Fla. 5th DCA 1980), cited by petitioners, in which judgment for appellee was reversed and dismissal was ordered on remand. In the present case, certiorari was not sought from the trial court’s order of July 15, 1980, which denied without prejudice to renew after discovery the motion to dismiss of Boards 9 and 20 and Wymbs and Reyner. Petitioners did not renew that motion after some discovery but, instead, moved for summary judgment.