723 So.2d 299 (1998)
CITY OF MIAMI, Appellant,
v.
Jesus DEL RIO, Appellee.
Nos. 98-987, 98-223 and 98-1885.
District Court of Appeal of Florida, Third District.
October 28, 1998.
Rehearing Denied January 13, 1999.
Alejandro Vilarello, City Attorney, and Myrna D. Bricker and Linda Rice Chapman, Assistant City Attorneys, for appellant.
Robles & Gonzalez and Juan P. Bauta, II, Miami, for appellee.
Before NESBITT, FLETCHER, and SORONDO, JJ.
FLETCHER, J.
The City of Miami [City] appeals a final judgment, pursuant to a jury verdict, finding the City liable to Jesus Del Rio [the employee] under sections 112.3187 through *300 112.31895, Florida Statutes (1993), the "Whistle-Blowers Act" [the Act]. The City also appeals the trial court's two orders awarding the employee his costs and attorney's fees. Finding that the employee failed to exhaust the administrative remedy available to him before filing suit, we reverse the final judgment and the orders awarding costs and fees.
The employee is a City of Miami police officer who alleges that he took issue with the legality of certain directives from his superiors; "blew the whistle" on them, i.e., disclosed the actions to other agencies, including the state attorney; and was retaliated against in various ways for having done so. The employee filed a complaint against the City, the Chief of Police and three of his superior officers, seeking relief for alleged violations of the Act.[1] Ultimately the City became the sole defendant.
In his complaint, the employee alleged that he "has exhausted all administrative remedies or attempted to and has been foreclosed by lackadaisical proceedings." On appeal he now contends (1) that there is no administrative remedy that he was required to pursue, and (2) the administrative board to which he did apply denied him a hearing by its use of Fabian tactics, therefore he was free to file suit. The City, on the other hand, argues (1) that its Code provides for an administrative board which has the authority to hear the employee's whistle-blower complaint, and (2) that the employee, after filing a request for a hearing, abandoned it prior to the board's reaching a conclusion. Thus, the City contends, he failed to exhaust his remedy and is precluded from receiving judicial relief.
Under ordinary circumstances, a party must exhaust any administrative remedy available to her or him prior to turning to the courts for relief. See Kaufman v. Machiedo, 357 So.2d 739 (Fla. 3d DCA), cert. denied, 364 So.2d 888 (Fla.1978); General Elec. Credit Corp. of Ga. v. Metropolitan Dade County, 346 So.2d 1049 (Fla. 3d DCA 1977). This doctrine has been held applicable to whistle-blower litigation. McGregor v. Palm Beach County, 674 F.Supp. 858 (S.D.Fla. 1987). The Act itself provides in section 112.3187(8)(b):
"Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65(8) to conduct hearings under this section. The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority."
The City contends its Civil Service Board [the Board], as set forth in section 36(a), Miami, Fla., Charter,[2] meets the requirements of section 112.3187(8)(b), as the Board (1) was established by ordinance; (2) is authorized by section 40-128, Miami, Fla. *301 Code (formerly section 40-103),[3] to handle whistle-blower complaints; (3) is composed of a panel of impartial persons appointed by the appropriate local governmental authority; and (4) makes, upon hearing the employee's complaint, findings of fact and conclusions of law so that a final decision may be made by the local governmental authority.
We agree with the City that the Board meets the requirements of the Act and therefore the employee was required to exhaust his remedy before that Board. In arriving at this conclusion, we have carefully considered Ujcic v. City of Apopka, 581 So.2d 218 (Fla. 5th DCA 1991) and Saunders v. Hunter, 980 F.Supp. 1236 (M.D.Fla.1997), relied on by the employee and find them to be inapplicable to the instant situation as the administrative boards involved therein did not meet the requirements of section 112.3187(8)(b) for service as whistle-blower boards. Saunders, 980 F.Supp. at 1245; Ujcic, 581 So.2d at 219.
Our review of the record convinces us also that the employee abandoned his petition filed with the Board. After several delays ordered by the Board for the purpose of receiving additional information from the employee, the employee, rather than providing the information, filed for judicial relief. This filing was premature and leaves the employee in the posture where he has not exhausted his remedy. See Hasam Realty Corp. v. Dade County, 178 So.2d 747 (Fla. 3d DCA 1965), cert. dismissed, 192 So.2d 499 (Fla. 1966).
The final judgment is reversed and the cause is remanded for further proceedings consistent herewith. The orders awarding attorney's fees and costs are also reversed.
NOTES
[1] The intent of the Act is as set forth in section 112.3187(2), Florida Statutes (1993):

"It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare. It is further the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee."
[2] Which reads in pertinent part:

"(a) Creation of board; appointment; terms of office; vacancies; rules and regulations. A civil service board of the city is hereby created and established. There shall be five members constituting the said civil service board. Three shall be appointed by the commission, and two shall be elected by the employees of the city with civil service status, from said employees with such civil service status. The two so elected shall become members of the board when confirmed by the city commission."
[3] Which reads:

"(a) Investigations by the board. Whenever the board has reason to believe that this article has been violated by the abuse of power in recommending or making an appointment to any position, or in a layoff, demotion, suspension, or removal without justification, or in any other manner, it shall be the duty of the board to investigate. If, in making this investigation, the board shall find that said violations were contrary to the intent and spirit of this article, it shall make a report thereof to the director of the department involved and to the city manager.
(b) Complaint by employee. Any employee who is aggrieved by reason of what he/she considers a violation of this article to his/her detriment, or who has a grievance concerning his/her employment under this article, and who desires redress, shall notify the executive secretary in writing, stating the nature of his/her grievance and requesting a hearing by the board.
(1) Upon receipt of such notice, the executive secretary shall promptly inform the board, and the board shall schedule the matter for a hearing within 30 days of the date of receipt of the notice by the executive secretary, who shall notify the employee of the time, date, and place of hearing.
(2) If the board so desires, it may make a preliminary investigation of the matter before the hearing.
(3) The employee shall appear before the board at the scheduled time and place, and shall present pertinent information to the board concerning his/her grievance.
(4) The board shall consider the matter, and promptly present its findings and recommendations to the city manager for his/her consideration of a proper remedy, if a remedy is necessary."