SHEVIN, J.
(dissenting).
I respectfully dissent. As the majority opinion correctly states, the procedural history of this case before the Civil Service Board of the City of Miami is virtually identical to the procedural history in City of Miami v. Del Rio, 723 So.2d 299(Fla. 3d DCA 1998). However, I believe Del Rio was wrongly decided for the reasons expressed herein; therefore, I dissented in Del Rio.[1] We should affirm the judgment entered on the jury’s verdict in Miranda’s favor.
The procedural history of this case does not demonstrate that Miranda failed to exhaust his administrative remedies before seeking judicial relief. What the record does reflect is that the City effectively thwarted Miranda’s efforts to obtain a hearing and to receive administrative relief. Any further pursuit of administrative remedies would have been futile. Miranda properly sought judicial redress.
The main issue in this case is whether Miranda’s failure to exhaust his administrative remedies barred him from pursuing legal action against the City. The City flippantly relates that “it was Miranda’s own failure to follow through with demands to comply with procedural due process requirements which prevented the hearing [on Miranda’s Civil Service Board Petition] from going forward.” Yet, the events as shown by the record reveal a different picture indeed. The record tells the story of the City’s stonewalling tactics, and the City’s baseless requests for information that successfully postponed a hearing on Miranda’s petition for over three years.
Miranda filed his Civil Service Board grievance petition in November 1993. The preliminary hearing was held shortly thereafter and the Board voted to grant Miranda a hearing; the petition was set for hearing on January 4, 1994. The City Attorney raised no objection to the hearing date or to the petition at that time. Nonetheless, in a December 30 letter, just five days before the hearing, despite having made no prior requests for more information from Miranda, the City Attorney requested a continuance asserting that the petition lacked specificity regarding the “acts and dates Sgt. Miranda claims to have been belittled, harassed, threatened, called names, and/or otherwise allegedly discriminated against_” In response to the City’s request, the Board rescheduled the hearing for February 15.
On February 4, 1994, Miranda responded to the City’s request for more specifics in a letter. The letter detailed the incidents complained of as follows:
1-The meeting between Lieutenant J.B. Fernandez and Officer Jesus Del Rio on November 11,1993.
2-Instanee regarding Sergeant Gonzalo Miranda’s supervision of the Rangers.
3-Arrest[s] that occurred under the supervision of Lieutenant J.B. Fernandez for August 1, 1990 to December 31,1990.
4-Duty assignments of Sergeant Gonzalo Miranda as ordered by Assistant Chief Raul Martinez and Lieutenant J.B. Fernandez.
Despite the obvious clarity of this information, the City insisted that it needed more specifics. The City complained to the Board that Miranda had not amended his petition, and on the basis of this argument, at the February 15 hearing, the City obtained another continuance. The City again wrote Miranda letters requesting that the petition be amended. Miranda responded to the City’s information requests by letter of March 25, 1994, listing the dates, witnesses and locations where the events occurred.[2] *1272 Although a cursory examination of Miranda’s letters would give the average reader a detailed picture of the events on which Miranda based his allegations, the City was still dissatisfied and did not feel sufficiently informed to defend against Miranda’s petition. At the City’s urging, at the May 1994 hearing, the Board asked Miranda to amend his petition.
After more than twenty years of service to the City, Miranda retired in January 1997. The Board finally scheduled a hearing on Miranda’s petition for March 1997; the hearing never proceeded. Ironically, Miranda’s retirement, which the Board had to be aware of, rendered the Board without authority to grant Miranda relief. Miranda filed his Circuit Court action in May 1994.[3] The City defended on the grounds, inter alia, that Miranda had not exhausted his administrative remedies; Miranda did not file the requested amended petition before the Board.
It is well settled that a party must exhaust all administrative statutory remedies before seeking judicial redress for grievances. Odham v. Foremost Dairies, Inc., 128 So.2d 586, 593 (Fla.1961). However, “[a] concomitant part of the doctrine of exhaustion of administrative remedies, or primary jurisdiction, is that a party will not be required to take vain and useless steps in the expenditure of the administrative remedy in order to perfect the right to seek judicial redress.” Chatlos v. Overstreet, 124 So.2d 1, 3 (Fla.1960). See Bruce v. City of Deerfield Beach, 423 So.2d 404 (Fla. 4th DCA 1982); City of Miami Beach v. Jonathon Corp., 238 So.2d 516 (Fla. 3d DCA 1970); Cook v. Di Domenico, 135 So.2d 245 (Fla. 3d DCA 1961). The facts in this case reveal that the further pursuit of administrative remedies before the Board would have been futile. Miranda acceded to the City’s requests for more particulars despite the fact that his petition was not ambiguous, as testified to by the Board’s Executive Secretary. Despite Miranda’s letters setting out the specifics of his allegations, short of presenting his entire case for the City, including the dates and locations of the acts, the City continued to demand continuances claiming an inability to understand the basis of Miranda’s petition. Even though the Board found the petition sufficiently sound to set a hearing within thirty days of receiving the petition, at each instance the Board rubber-stamped the City’s requests. Six months after Miranda filed his petition the City was still complaining about deficiencies in the petition despite Miranda’s letters explicitly setting out the facts alleged. Remarkably, the City was never able to articulate the petition’s deficiencies.
Reversal on the grounds that Miranda failed to exhaust his administrative remedies is particularly egregious in view of the fact that the Board had no authority to award Miranda full and adequate relief. Junco v. State Bd. of Accountancy, 390 So.2d 329 (Fla.1980); Southern Bell Tel. & Tel. Co. v. Mobile America Corp., Inc., 291 So.2d 199 (Fla.1974); Northeast Airlines Inc. v. Weiss, 113 So.2d 884 (Fla. 3d DCA), cert. denied, 116 So.2d 772 (Fla.1959). As an administrative body, the Board can only make recommendations to the City; it has no authority to grant Miranda the damages he was seeking. See Winter Springs Dev. Corp. v. Florida Power Corp., 402 So.2d 1225 (Fla. 5th DCA 1981). Under this reasoning, also, Miranda was not required to postpone his legal action.
As everyone is well versed on the law set forth in this dissent, it is difficult to fathom how the court justifies reversal. This case turns on the City’s success in persuading this court that it could not proceed against Miranda because it just did not know what it was defending against, and success in persuading this court that Miranda abandoned his administrative action because he did not continue to provide the City with more information. Del Rio, and the majority opinion here, tacitly rewards the draconian tactics that allowed the City to avoid answering Miranda’s sufficiently detailed allegations.
For the reasons expressed above, I would affirm the judgment under review.

. See City of Miami v. Del Rio, No. 98-1885, Order denying Rehearing En Banc (Fla. 3d DCA Jan. 13, 1999)(Shevin, J., dissenting).

. Please note pertinent dates, etc. regarding [Miranda’s] case. On or about:

November 11,1993:

Meeting between J.B. Fernandez, Jesus Del Rio and other officers.

April of 1991:

Internal investigation of former Assistant Chief Walter D. Martinez involving Ranger Claudia Cambell.

August 19, 1990 to December 31,1990:

Midnight shifts, arrests at the following locations:
a.) 2201 S. Bayshore Drive, Miami
b.) 3401 Grand Avenue, Miami
*1272 c.) 351 S.W. 4th Street, Miami
d.) 7025 W. Flagler, Miami

. The United States Equal Employment Opportunity Commission issued Miranda a Notice of Right to Sue Letter on May 4, 1994.