Kuntz, J.
Dr. ■ Anil Desai (“Doctor’') appeals the circuit court’s order dismissing his lawsuit against Lawnwood Medical Center (“Hospital”) for failure to. exhaust administrative remedies provided in the Hospital’s procedures for challenging board decisions relating to the medical staff. We conclude that the court correctly dismissed the Doctor’s lawsuit for failure to exhaust administrative remedies and affirm.
Background
The Doctor, a pathologist and member of the Hospital’s medical staff, submitted his application for reappointment as all medical staff members are. required to do every two years. As required by the “peer review” statute, applications for reappointment are first considered by the -re-credentials committee which makes a recommendation .to the- medical executive committee. § 395.0193(2), Fla. Stat. (2009). The medical executive committee reviews the recommendation from the re-credentials committee and makes its own recommendation.
Recommendations in favor of reappointment by the medical executive committee are fórwarded to the Hospital’s board of trustees which has final decision-making authority. Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 506 (Fla. 2008) (“The Board’s bylaws, which were adopted in 1988, state that the Board has final decision-making authority in the areas of credentialing ... after considering the recommendations of the medical staff.”).
Recommendations against reappointment are not forwarded'to the board of trustees. Instead, if the medical executive committee recommends against reappointment, the doctor is entitled tó exercise procedural rights provided by the medical staff bylaws including the right to a hearing and the right to appeal.
The procedural rights provided in. the medical staff bylaws only apply to a recommendation by the medical executive committee that reappointment be denied, not a decision by the board of trustees to deny reappointment. However, Florida Administrative Code Rule 59A~3.272(4) requires the “governing body” to “provide a proce *871 dure for hearings and appeals on all actions , concerning appointment, reappointment or dismissal." Therefore, in order to ensure compliance with its governing regulations, the board of trustees issued the Board of .Trustees’ Fair Hearing and Appellate Review Procedures. The board’s-fair hearing procedures set forth a comprehensive hearing and appeal process for applicants adversely affected by board action. . . .
In this case, the medical executive committee recommended in favor of reappointment and submitted the favorable recommendation to the board of trustees. However, the trustees declined to accept the recommendation and denied reappointment. The Doctor was advised of his rights pursuant to the board’s fair hearing procedures and declined to exercise those rights.
In lieu of pursuing the board’s administrative-review procedures, the Doctor filed a complaint in the. circuit court against the Hospital seeking a temporary injunction and specific performance. The Doctor argued (1) he was not a party to the Hospital bylaws and thus “the Board cannot force its rules upon” him; and (2) the procedures themselves are unfair. In response to the Doctor’s request for- a temporary injunction, the Hospital argued that the Doctor failed to exercise his rights under the board’s fair hearing procedures and that his .time to do so had not expired. The circuit court agreed with the Doctor and issued a temporary injunction.
The Hospital appealed the issuance of the temporary injunction, and we reversed, holding that absent specific allegations of intentional fraud, the Hospital was immune from an action' for monetary damages or injunctive relief related to the appointment or reappointment of staff under section 395.0191(4), Florida Statutes (2009). Lawnwood Med. Ctr., Inc. v. Desai, 54 So.3d 1027, 1030 (Fla. 4th DCA 2011).
On remand, and after the complaint was amended, the court dismissed the Doctor’s claims for injunctive relief for failure to state a. cause of action. Later, the court dismissed his claims for specific performance, breach of contract, and fraud for failure to exhaust administrative remedies. The Doctor appeals both orders, arguing that his claims were not barred for failure to exhaust administrative, remedies.
Analysis
The Doctor makes- four arguments in favor of reversal. First, he-argues that he has a constitutional -right to access to the courts for redress of injury. Second, he argues that because the right to access to courts is a constitutional right, it cannot be limited .except by express agreement. Third, he argues' that the fair hearing procedures impermissibly amended the medical staff bylaws and, therefore, did not apply to him. Fourth, he and his amici argue that the Hospital’s status as a private entity render the administrative remedies unenforceable.
• With regard to the first two arguments, we find that the board’s fair hearing procedures do not limit the Doctor’s access to the courts. It is well-established that administrative remedies must be exhausted prior to seeking relief in the courts. City of Miami v. Fraternal Order of Police Lodge No. 20, 378 So.2d 20, 23 (Fla. 3d DCA 1979) (“No principle is more firmly established than the requirement that, before resorting to the courts, one must pursue and exhaust any extrajudicial or administrative remedy which may provide the relief sought.”).
The requirement to exhaust those remedies does not diminish the ultimate ability to raise issues in court. Baillie v. Dep’t of Nat. Res., Div. of Beaches & Shores, 632 So.2d 1114, 1119 (Fla. 1st DCA 1994) .(“The requirement that appellants pursue an administrative remedy .,. that can be fully efficacious and more expeditious, be *872 fore resort to the courts, in no way diminishes judicial authority to remedy any wrong”). Instead, the board enacted procedures to be followed prior to accessing the courts and, after those procedures are followed, the Doctor would have the right to a challenge in court.
The Doctor also argues that the board’s fair hearing procedures were an impermissible attempt to amend the medical staff bylaws and, therefore, do not apply to him. The fair hearing procedures were enacted more than two years before the Doctor’s application for reappointment was submitted and, regardless, the medical staff bylaws do not provide a review procedure for the board’s rejection of a recommendation that a doctor be reappointed. Thus, the board’s fair hearing procedures do not impermissibly amend the medical staff bylaws. Rather, they cover a situation that is not provided for by the medical staff bylaws.
The board’s enactment of fair hearing procedures was also required by Florida law. The board was required to provide a fair hearing and review procedure for applicants who are denied reappointment, Florida Administrative Code Rule 59A-3.272(4), and the board cannot be faulted for enacting procedures in compliance with the law. Fla. Power Corp. v. Advance Mobile Homes, Inc., 386 So.2d 897 (Fla. 5th DCA 1980) (trial court should have dismissed action where owner failed to first pursue administrative remedies through the Florida Public Service Commission which were mandated by the Florida Administrative Code).
Finally, we reject the argument of the Doctor and his amici and conclude that the fact that the Hospital is a private entity does not render its administrative remedies unenforceable. Fla. High Sch. Athletic Ass’n v. Melbourne Cent. Catholic High School, 867 So.2d 1281, 1288 (Fla. 5th DCA 2004) (“As a general rule, when a private organization has procedures for internal review of its decisions, those procedures must be exhausted before seeking redress from a court.”); Nat’l Collegiate Athletic Ass’n v. Brinkworth, 680 So.2d 1081, 1084 (Fla. 3d DCA 1996) (“Under Florida law ... a-court may intervene in the internal affairs of a private association only in exceptional circumstances.”).
Until the administrative remedies provided by the Hospital were exhausted, the Doctor could not seek relief in the courts. Communities Fin. Corp. v. Fla. Dept. of Envtl. Regulation, 416 So.2d 813, 816 (Fla, 1st DCA 1982) (“It is now well settled that where adequate administrative remedies are available, it is improper to seek relief in the circuit court before those remedies are exhausted.”).
Conclusion
The Doctor failed to exhaust his administrative remedies prior to seeking relief in the circuit court. Therefore, the court’s order dismissing the Doctor’s complaint for failure to exhaust administrative remedies is affirmed.

Affirmed.

Ciklin, C.J., and Gross, J., concur.